*Provided to South Bay Corr. and Rehab. Facility on 4/4/2023 DMC for mailing. SS*

# PETITION UNDER 28 U.S.C. § 2254
# BY A PERSON IN CUSTODY
# PURSUANT TO A STATE COURT JUDGMENT

| UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA | Division: OCALA |
|---|---|
| Name of Petitioner: **_Samuel C. Sweeting_** Prisoner ID # | 5:23-W-238 CEM PRL Case No.: _____ FILED |
| **DC# U06991** | Southbay Corr FAC 600 U.S. HWY 27 SOUTH Southbay, Fl. |
| **NAME OF PETITIONER** (*include aliases*) **SAMUAL CARL SWEETING** | v. **NAME OF RESPONDENT** (*authorized person having custody of petitioner*) v. **FLORIDA DOC • SECRETARY** |
| | |

## I.    PROCEDURAL HISTORY

A.  Name and location (*circuit and county*) of the court that entered the judgment conviction or sentence under attack: *THE FIFTH JUDICIAL CIRCUIT IN AND FLORIDA  LAKE COUNTY, FLORIDA*, Case Number: *35-2001-CF-001239-AXXX-XX*

B.  Date of Judgment (*conviction/sentence*): *4/15/2001*

C.  Date of Sentence *4/15/2001*

D.  Sentence Imposed.*4/15/2001*

E.  Identify all crimes of which you were convicted and sentenced in this case (*all counts*): one count *FLA STAT 794.011(3). & ONE COUNT FLA STAT 794.011(5)*

F.  What was your plea? (*Check one*)

      ☐ Guilty    **X** Not Guilty    ☐ Nolo contendere

If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, please explain: _____

_____

_____

G.  If you pleaded not guilty, what kind of trial did you have? (*Check one*)

      **X** Jury   ☐ Judge only (*Bench Trial*)

H.  Did you testify at a pretrial hearing, trial, or post-trial hearing?

      **X** YES   ☐ NO

I.  Did you appeal from the judgment of conviction?

      **X** YES   ☐ NO

(*If you did not appeal, skip to Question K.*)

J.  If you did appeal, answer the following:

    1.  Name of Court: ***THE FIFTH DISTRICT COURT OF APPEALS***
       Date Filed:_____

    2.  Case Number (*if known*): _____

    3.  Date of Result: _____

    4.  Citation to Case (*if known*): _____

    5.  Result: _____

    6.  Grounds Raised on Appeal: ***Anders Brief***

7.  Did you file a petition for rehearing?

    ☐ YES  ☐ NO

    If yes, state the result: _____

    _____ Date of Result: _____

8.  Did you seek review in the Florida Supreme Court?

    ☐ YES  X NO

9.  If yes, state the result: _____

    _____ Date of Result: _____

    Citation to Case *(if known )*: _____

10. Did you file a petition for certiorari in the U.S. Supreme Court?

    ☐ YES  X NO

11. If yes, state the result: _____

    _____ Date of Result: _____

    Citation to Case *(if known )*: _____

K. Other than the direct appeals listed above, have you filed any other petitions, applications, or motions challenging judgment of conviction in any state  court?

    X YES  ☐ NO

    *(If your answer is NO, skip to Question P .)*

L. If your answer to Question K is YES, answer the following:

    1.   Name of Court: ***The Fifth Judicial Circuit Court In And For Lake County***

    2.   Identify what you filed *(for example, a Rule 3.850 motion, habeas petition, etc)* **Rule 3,800 pursuant to Fla Stst 79.01**

3

3. Case Number (*if known*): ***35-2001-CF-001239-AXXX-XX*** Date Filed: ***July 1, 2021***

4. Grounds Raised:***Motion To Rule Pursuant To Jury Verdict Of Personal Injury***

5. Was an evidentiary hearing held on your petition or motion?

   ☐ YES   X NO

6. Result:***Returned Based on Procedural Bar Without Reviewing Merits*** Date of Result:***September 07, 2022***

M. If you filed a second petition, application, or motion, answer the following:
(*If you did not file additional petitions, applications, or motions, skip to Question O* .)

1. Name of Court:   ***THE FIFTH DISTRICT COURT OF APPEALS SIMULTANEOUSLY • WHILE FILING WITH THE FITH JUDICIAL CIRCUT MOTION UNKNOWINGLY • TO HEAR AND RULE AND 3.800 ILLEGAL SENTENCE.***

2. Identify what you filed (*for example, a Rule 3.850 motion, habeas petition, etc.* ): ***Emergency Habeas Corpus Predicted On A Manifest Injustice In Alternate Enforce Jury Verdict Of 794.011's "Force 'NOT' Likely To Cause Serious Personal Injury, Due to The State's Intentional Ommitance Of Serious In The Verdict Form. Notwithstanding Penning In Serious In The Judge's Packet By Judge Hill.***

3. Case Number (*if known*):***5D21-1779*** Date Filed: _____

4. Grounds Raised: ***The sentence imposed is over the statutory max • Enforce***

5. Was an evidentiary hearing held on your petition or motion?

   ☐ YES   X NO

6. Result:***STRICKIN HEAPEAS CORPUS WITHOUT ADDRESSING MERITS*** &***Order to show cause why the petitioner shouldn't be barred*** Date of

Result:*July 22, 2021*

N. If you filed a third petition, application, or motion, answer the following:

*(If you did not file additional petitions, applications, or motions, skip to  Question O.)*

1. Name of Court:*The Florida Supreme Court*

2. Identify what you filed *(for example, a Rule 3.850 motion, habeas petition,   etc.)*:*Discretionary Review / First Time Right To Appeal Court Order*

3. Case Number *(if known)*:*SC21-1412* Date Filed: _____

4. Grounds Raised: _____*SEE: PART A - D IN GROUND THREE*_____

5. Was an evidentiary hearing held on your petition or motion?

   ☐ YES  X NO

6. Result:*ORDERED TO FILE JURISDICTIONAL BRIEF ON FEBRUARY 18, 2022 HOWEVER, ON FEBRUARY 28, 2022 WITHOUT NOTICE NOR RECEIVING OR REVIEWING PETITIONERS JURISDICTIONAL BRIEF • ORDER DECLINING TO ACCEPT JURISDICTION ERRONEOUSLY ON A FILING OF PETITIONERS JURISDICTIONAL BRIEF SENT FROM PETITIONERS INSTITUTION TIME STAMED THE SAME DAY ORDER WAS MADE*. Date of Result: _____

*(If you filed more than three petitions, applications, or motions, attach  additional pages as necessary to provide answers to all questions listed in  Question N.)*

O. Did you appeal to the highest state court having jurisdiction over the action taken

   on your petition, application, or motion?

   1. First Petition:  ☐ YES ☐ NO

   2. Second Petition:  ☐ YES ☐ NO

   3. Third Petition:  ☐ YES ☐ NO

a. If you did not appeal the result, explain briefly why you did not:

_____

_____

_____

b. If you did file an appeal, what was the result: _____

_____

_____

c. Date of the opinion/mandate (*include case citation, if known*):

_____

P. Have you previously filed a *§ 2254* petition or other pleading regarding the validity

of your state conviction or sentence in any federal court?

☐ YES ☐ NO

(*If yes, identify below the court, case number, and, result, including the result of any appeal*.)

Name of Court: _____ Case #: _____

Result: _____

_____

_____

Appeal? ☐ YES ☐ NO  Result:_____

_____

## II. GROUNDS RAISED IN CURRENT § 2254 PETITION

ATTENTION: *To proceed in federal court, you must ordinarily first exhaust all available state court remedies on each ground raised in this petition. Also, if you do not set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.*

For this petition, state *all* grounds on which you claim that you are being held in

6

violation of the Constitution, laws, or treaties of the United States. You must provide a summary of *specific facts* in support of each ground raised. Do not argue or cite case law. A supporting memorandum of law, not exceeding 10 pages, may be attached to this petition presenting legal argument, but all supporting *facts* must be set forth in this petition. (*Attach additional pages as needed if you are raising more than four grounds* .)

A. Ground One: _____ **SEE: Grounds Below & Attached Appendix**

## No Ground Has Ever Been Adjudicated On The Merits To Classify Under AEDPA ADJUDICATED ON THE MERITS BAR

1. Supporting Facts (*brief statement without citing cases or law*):

*PROCEDURAL POSTURE NECESSARY TO UNDERSTAND THE CRUCIAL, CRITICAL AND HIGHLY PREJUDICAL CONSTITUTIONAL VIOLATIONS NOT ONLY INDIVIDUALLY HARMFUL IN THEIR OWN WAY BUT CUMULATIVELY CREATING A MANIFEST-MISCARRIAGE OF JUSTICE.*

On 06/20/2001 the state charged Samuel Sweeting of multiple counts stemming from a single criminal episode pursuant to Fla Stat 775.021(4)(a) ("fragment[ing] a single criminal transaction into numerous component offenses."). The State then amended the charges on 02/05/2002, horizontally and vertically, [C]harging a single offense at a higher level than the circumstances of the case warrantied (absent of the quantum of proof necessary to justify the accusations). During trial the jury made multiple differt findings which includes an acquittal, founding guilt as to the lesser, and founding guilt as charged. Before giving the charges to the jury, the petitioner's counsel emphatically argued in the judgment of acquittal, that the evidence adduced does not nor cannot legally be qualified under the greater charges being charged by the state. Judge Mark J Hill did not consider the legal sufficiency of the testimony although being in the position to know legislature's intent as to the different degrees of the crimes being charged and the legal definition of each essential element, instead gave it to the jurors that are of average ignorance to the law and especially to legislature's differing degrees of the crimes being charged and the legal definitions of such essential elements. Nonetheless, upon release of the jury, Judge Hill, on his own accord, acquitted the petitioner of simple batter, upon being acquitted of aggregated battery by the jury, stating counsel for the petitioner was correct in his

legal analysis of the aggravated battery charge.

The petitioner's counsel unequivocally preserved the issue that would invoke the codifications in Fla Stat 924.34 holding an appellate court has inherent authority to correct a sentence according to the lesser included evidence adduced during trial. However, with the transcrips and Motion For Judicial Acts To Be Reviewed, both specifically detailing the Miscarriage of Justice in the appeal records, were clearly ignored by the petitioner's appellate counsel and The Fifth District Court of Appeals, duty bound and obligated to constitutionally guarantee appellate review. See: State v Causey, 503 So2d 321, 322 (Fla 1987).

This forfeiture of the petitioner's constitutions right to a fair appellate review, lead to a multitude of post-conviction filings • that the record needs to reflect, raised double jeopardy claims or essential elements not being established. Furthermore, during one of the petitioner's 3.800 Illegal Sentence claims raised on or about 11/2006, the Assistant States Attorney motioned the court to bring the petitioner back to correct the illegal sentence accordingly, only to be prevented to do so by Judge Mark J Hill. (See case abstract for overview). Not only did Judge Hill prevent the State and petitioner from establishing factual proof on the record demonstrating the illegal sentence but violated his ethical duty and wrote personal hopes about the petitioner doing all his time, given to the petitioner by the judge himself, initiating the recusal/disqualification of Judge Hill, becoming legal by way of law, on 11/06/2010 • forever causing loss of jurisdiction to Judge Mark J Hill. However, with lack of jurisdiction, Judge Mark J Hill filled an order barred the petitioner from filing any other pro-se filings in the circuit courts. It is without question that Florida legislature has divided sexual battery in to differing degrees. Each with essential elements necessary to the finding of guilt as to whichever degree the state as a representative of the people not only *"MUST"* establish beyond and to exclusion of reasonable doubt but there also clearly have he jury find those specific elements to be established. and legally null and void bar, has affected every other order to date.

## *MERITORIOUS GROUNDS SUBMITTED TO EVERY STATE COURT WHO REFUSES TO FOLLOW STATUTORY INTENT OF FLA STAT § 79.01 AND FLA R CRIM P 3.800(a), CREATED TO SAFEGUARD MANISEST INJUSTICES AGAINST PRESUMPTIONS OF FINALITY AND STATE DEFAULT RULES.*

8

## GROUND A:

## THE JURY VERDICT FORM OMMITED THE WORD "SERIOUS", NOTWITHSTANDING THE COURTS KNOWLEDGE, CAUSING THE JURY TO FIND THE PETITIONER GUILTY OF LEGISLATIVE INTENT OF THE LESSER CHARGE OF "NOT LIKELY TO CAUSE SERIOUS PERSONAL INJURY".

The crux of this subpart A is the states failure to incorporate within the jury verdict form the single element that distiquishes the greater from the lesser. This essential element is the element that quantifies the force used during the criminal act. Legislature undeniable mandated that *"serious personal injury"* is the qualifying element need to find guilty and subsequently convict pursuant to *Fla Stat 794.011(3)*. The defendants jury verdict fails to lawfully find guilt as to *Fla Stat 794.011(3)* due to the verdict for omitting the word *"SERIOUS"*. Therefore the jury was not attentively attuned to *subsection (3)* but instead only *subsection (5)*. Which legislation held is force *"NOT LIKELY TO CAUSE SERIOU PERSONAL INJURY"*.

Therefore, as well established law this court must read the verdict in the manner which clearly specifies the essential elements the jury finds that the state has adduced. Moreover as this case is strikingly identical circumstances of those in *State v. Reardon, 763 So. 2d 418, 419 n.3 (Fla. 5th DCA 2000)*, wherein the verdict form gave no indication as to whether the jury determined that the taking in this case constituted robbery because of the accompanying assault on the victim, or based upon some separate use of force or violence. Relying on *Young v. State 43 So. 3d 876 (Fla. Dist. Ct. App. 2010)* announcing "[w]e must read the verdict in a manner which would give the benefit of the doubt to" the defendant, the defendants convictions for *794.011(3)* must be corrected and resentenced to *794.011(5).*

## GROUND B:

### DOUBLE JEOPARDY (SERIOUS BODILY INJURY) UNDER Fla Stat 775.021(4)(a) & A TRUE INCONSISTANT VERDICT:

The facts of this case, in this Subpart B are almost indistinguishable from the factqoual scenario addressed in *Torna v. State, 742 So.2d 366 (Fla. 3d DCA 1999)*. There, the jury similarly found the defendant guilty of burglary with an assault or a battery and of simple battery. The Torna court stated: "This verdict form is the crux of the problem here as it contained no indication as to whether the jury had found that Torna had committed a *'burglary with an assault,'* or a *'burglary with a battery.'* Given

9

*Torna's* additional conviction of `battery,' wasthe determination of *`with an assault'* or *`with a battery'* was necessary so as to not run afoul of the double jeopardy issue. Since the determination was not made, and we cannot now guess what the jury thinking, we must conclude that Torna was indeed subjected to double jeopardy by his conviction of both `burglary with an assault and/or battery' and `battery.'" **Id. at 367.**

**PLEASE TAKE NOTE:** *Albeit the jury acquitted the defendant of the greater aggravated battery, finding guilt as to simple battery. Subsequently causing Judge Hill on his own accord to revisit the defendant's motion for acquittal emphatically argued by his counsel Mr Baxley, and acting as the seventh juror completely acquitted the defendant of the simple battery charge. Herein creating multiple constitutional violations to the defendant's guaranteed rights. Nonetheless, as to not cause confusion of this specific claim, the other constitutional violations are discussed in other subparts.*

Here and now, relying on the *Doctrine of Stare Decisis* (*a requirement necessary to maintain stability in the judicial system as a whole*), at first glance (*Not taking in consideration the defendants strongest issue undeniably rising to a miscarriage of justice*), pursuant to the jury forms the jury found the defendant guilty as charged of sexual batter with force "Likely To Cause Personal Injury" 794.011(5) contrary to and despite the State writting in 794.011(3) for count one; Lesser Included offence of 794.011(5) on count two and Simple battery on count five with acquittals on all others.

Due to the undisputed and uncontested to fact that the simple battery is the one and same criminal action used in the aggravated battery and the serious personal injury elements in count one sexual battery with great force likely to cause serious personal injury, the conviction and sentence to sexual battery with force is an illegal sentence in violation of double jeopardy. *The defendant cannot properly be acquitted of the serious bodily injury and simultaneously convicted of the same serious personal injury acquitted of by any sentencing court let alone this court*.

### GROUND C:
THE PETITIONERS CONSTITUTIONAL RIGHT TO ADEQUATE APPELLATE REVIEW WHEN THE PERSEVED ERRRORS BY COUNSEL, THAT THE EVIDENCE ADDUCED AT TRIAL DOES NOT SUPPORT A CONVICTION UNDER 794.011(3)

WAS IGNORED BY PETITIONER'S APPELLATE COUNSEL, AS WELL AS THE
FIFTH DCA, DURING THEIR EXAMINATION OF THE RECORD *See State v.
Causey, 503 So. 2d 321 (Fla. 1987)*

This court established that a proper analysis under *ANDERS* is not a review
requiring a *"FINE TOOTH COMB"* style of review. By no means should this opinion be
read to require district courts to read between the lines of a record to discover the
most remote, unlikely error. Nonetheless, at the very least, however, pursuant to
*ANDERS*, in order to *ASSURE INDIGENTS FAIR AND MEANINGFUL APPELLATE
REVIEW*, the appellate court must examine the record to the extent necessary to
discover any *ERRORS APPARENT ON THE FACE OF THE RECORD*, which did not
occur in present case. Had the *Fifth DCA* examined the *JUDICIAL ACTS TO BE REVIEWED*
and the *TRANSCRIPTS FOR THE JOA* and sentencing the petitioner would have been
*RELEASED 5 YEARS AGO*.

### GROUND D:

### JUDGE MARK J HILL IS AND WAS DISQUALIFIED BY MATTER OF LAW
### PURSUANT TO JUDICIAL ADMINISTRATION RULE 2.160(J) CREATING ALL
### ORDERS SUBSEQUENT VOID AND WITHOUT FORCE-AND-EFFECT

The basis of the petitioner's disqualification of Judge Hill was based on Judge Hill's
personal vexation manifested in open court during the state prosecutor's attempt to
correct the illegal sentence back in October 2006, where in the state filed an order to
transport the petitioner back to lake county so as to have him present for the courts
correction of the illegal sentence. However, before the state had a chance to explain,
Judge Hill immediately stopped the hearing, informed the state he remembers  this
case and he has the file in his office and called a recess. Upon recalling the hearing ....
Judge Hill instantaneously denied the motion and orally stated he heard and
remembered all the evidence in the petitioner's trial and "...he sincerely hopes the
petitioner does every minute, hour and day of his sentence."

The petitioner's record clearly shows Judge Hill's acknowledgement of the

11

petitioner's Motion to disqualify and the 3.850 Post Conviction Motion demonstrated by court minutes and setting of a hearing for both the disqualification and 3.850 motion. This in of itself demonstrates procedural violations wherein the rules are clear *"ALL PROCEDURES ARE TO BE STAYED UNTIL RESOLUTION OF THE DISQUALIFICATION IS COMPLETE. TO INCLUDE AN OPPORTUNITY TO APPEAL BY WAY OF PROHIBITION IF REQUIRED"* However, as become the norm in the petitioner's case the relevant controlling issues are ignored by all. It is well established that a judge can only concede or find the disqualification legally insufficient. No more no less. But in this case the judge set it for a hearing and furthermore, did nothing else as to the disqualification but did a written order denying the petitioner's 3.850 motion.

Fast forward several years and the petitioner attempted again to get relief wherein several judges were appointed recuse themselves and ended up back with Judge Hill. The important thing to notice is albeit not the best avenue, nonetheless, the petitioner filed a traverse after getting a show of cause why the petitioner should not be barred. And simultaneously filed a petition to enforce Code of Judicial Conduct to the administrative judge about Judge Hill. Again ignoring the record the administrative judge denied the petition stating there's no evidence of bias from Judge Hill. Then subsequently judge Hill ordered a bar to be placed on the defendant and retired two weeks later.

Notwithstanding, the bar being a nullity and without force or effect it has severed Judge Hills personal wishes to have the petitioner serve every minute, hour and day of his illegal sentence. Which establishes this court has jurisdiction pursuant to *ARTICLE V, SECTION 4(C) OF THE FLORIDA CONSTITUTION* and the control legal authority cited above is the fact that for the past two years the petitioner has been diligently trying to get a court to address the merits of the petitioner's illegal sentence demonstrating the bar is a nullity but to no avail.

2. Did you raise this claim in state court by direct appeal?

    □ YES  X NO

If you did not raise this claim, explain why: <u>Grounds that were cognizable</u> <u>were ignored by Appellate Counsel and DCA's protective review. The other</u> <u>grounds did not occur until later during petitioners exercising his rights to</u> <u>correct manifest injustice that occurred throughout the past 20+ years</u>.

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

    X YES  □ NO

If yes, explain how it was raised *(type of petition )*: _____

_____

    a. Name and location of the court where the motion or petition was filed:

        _____

    b. Case # *(if known )*: _____

    c. Date of Decision: _____

    d. Result: _____

        _____

4. Did you receive a hearing on your motion or petition?

    □ YES  □ NO

5. Did you appeal from the denial of your motion or petition?

    □ YES  □ NO

6. Was Ground One raised in your appeal?

    □ YES  □ NO

    a. If not raised in your appeal, why not? _____

        _____

    b.  Identify the name and location of the court where appeal was filed:

_____

_____

    c.  Case # (*if known*): _____

    d.  Date of Decision: _____

    e.  Result: _____

_____

_____

7. Identify any other way in which you exhausted state remedies for Ground One:

_____

_____

_____

_____

_____

_____

**B.  Ground Two:** _____

_____

    1.  Supporting Facts (*brief statement without citing cases or law*):

_____

_____

_____

_____

_____

    2.  Did you raise this claim in state court by direct appeal?

        ☐ YES  ☐ NO

    If you did not raise this claim, explain why: _____

_____

_____

3.  Did you raise this claim in a Rule 3.850 motion or otherwise?

    ☐ YES  ☐ NO

    If yes, explain how it was raised (*type of petition* ): _____

_____

    a.  Name and location of the court where the motion or petition was filed:

      _____

    b.  Case # (*if known* ): _____

    c.  Date of Decision: _____

    d.  Result: _____

      _____

4.  Did you receive a hearing on your motion or petition?

    ☐ YES  ☐ NO

5.  Did you appeal from the denial of your motion or petition?

    ☐ YES  ☐ NO

6.  Was Ground Two raised in your appeal?

    ☐ YES  ☐ NO

    a.  If not raised in your appeal, why not? _____

      _____

    b.  Identify the name and location of the court where appeal was filed:

      _____

      _____

    c.  Case # (*if known* ): _____

     d. Date of Decision: _____

     e. Result: _____

       _____

       _____

7. Identify any other way in which you exhausted state remedies for Ground Two:

_____

_____

_____

_____

_____

_____

C. Ground Three: _____

_____

1. Supporting Facts (*brief statement without citing cases or law*):

_____

_____

_____

_____

_____

2. Did you raise this claim in state court by direct appeal?

     □ YES  □ NO

     If you did not raise this claim, explain why: _____

_____

_____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

     □ YES  □ NO

     If yes, explain how it was raised (*type of petition*): _____

_____

    a. Name and location of the court where the motion or petition was filed:

    _____

    b. Case # (*if known*): _____

    c. Date of Decision: _____

    d. Result: _____

    _____

4. Did you receive a hearing on your motion or petition?

    ☐ YES  ☐ NO

5. Did you appeal from the denial of your motion or petition?

    ☐ YES  ☐ NO

6. Was Ground Three raised in your appeal?

    ☐ YES  ☐ NO

    If yes, explain how it was raised (*type of petition*): _____

_____

    a. Identify the name and location of the court where appeal was filed:

    _____

    _____

    b. Case # (*if known*): _____

    c. Date of Decision: _____

    d. Result: _____

    _____

    _____

7. Identify any other way in which you exhausted state remedies for Ground Three:

_____

_____

_____

_____

_____

_____

D. Ground Four: _____

_____

1. Supporting Facts (*brief statement without citing cases or law*):

_____

_____

_____

_____

_____

2. Did you raise this claim in state court by direct appeal?

☐ YES   ☐ NO

If you did not raise this claim, explain why: _____

_____

_____

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☐ YES   ☐ NO

If yes, explain how it was raised (*type of petition*): _____

_____

a. Name and location of the court where the motion or petition was filed:

_____

b. Case # (*if known*): _____

c. Date of Decision: _____

d. Result: _____

18

_____

4. Did you receive a hearing on your motion or petition?

   ☐ YES  ☐ NO

5. Did you appeal from the denial of your motion or petition?

   ☐ YES  ☐ NO

6. Was Ground One raised in your appeal?

   ☐ YES  ☐ NO

   a. If not raised in your appeal, why not? _____
      _____

   b. Identify the name and location of the court where appeal was filed:
      _____
      _____

   c. Case # (if known): _____

   d. Date of Decision: _____

   e. Result: _____
      _____
      _____

7. Identify any other way i which you exhausted state remedis for Ground Three:

   _____
   _____
   _____
   _____
   _____
   _____

E. Grounds Not Previously Raised

Is there any ground raised in this petition that has not already been presented in either state or federal court?

☐ YES   ☐ NO

If so, state the reason(s): _____

_____

_____

_____

## F. Pending Proceedings

Do you have any petition or appeal currently pending (filed, but not yet decided) in any court (state or federal) for the judgment being challenged in this petition:

X YES   ☐ NO

It   Please explain: **The Petitioner is in the Process of seeking rare relief below:**

# WRIT OF HAPEAS CORPUS PURSUANT TO A DISTRICT COURT'S TERRITORIAL JURISDICTION UNDER ARTICLE V, SECTION 4(C) of THE FLORIDA CONSTITUTION · To the Fourth District Court Of Appeals.

## G. Future Sentence

Do you have any future sentence to serve (*as in a consecutive sentence imposed*) after you complete the sentence for the judgment challenged in this petition?

☐ YES   X NO

1. If so, identify the other sentence: _____

2. Name and location of the court that imposed that sentence: _____

_____

3. Date Sentence was Imposed: _____

4. Case Number: _____

## H. Timeliness of Petition

If your judgment of conviction became final over one year ago, explain why the one-year statute of limitations as stated in 28 U.S.C. § 2244(d)i does not bar this petition:

_Grounds just became ripe upon denial of state to correct illegal sentence_

_____

## III. RELIEF SOUGHT IN CURRENT § 2254 PETITION

Petitioner requests the Court grant this § 2254 petition and provide the following relief: _____

_____

> **<u>NEWLY RIPENED CONSTITUTIONAL DUE PROCESS VIOLATION PREDICATED ON MANIFEST INJUSTICE</u>**

_____

_____ or any other relief to which Petitioner is entitled.

**Signature of Attorney (if any):** _____

   I certify and declare, **under penalty of perjury,** that the foregoing is true and correct and that this petition was (*check one*) X delivered to prison officials for mailing or ☐ deposited in the prison's mail system for mailing on the __4__ day of April 2023.

Date: 4/4/23 Petitioner's Signature: *Samuel Sweeting C*

*(If the person signing above is not the petitioner, state relationship to the petitioner and explain why the petitioner is not signing this petition below. )*

_____

_____

Printed Name of Petitioner: **<u>SAMUEL CARL SWEETING</u>**

Prisoner ID #: **<u>DC# U06991</u>**

Correctional Institution: <u>Southbay Corr. Fac.</u>

Address: <u>600 US Hwy 27 S</u>
<u>Southbay, Fla 33493</u>

*(You must timely notify the Clerk's Office if there is any change to your mailing address.)*

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

# IN THE FOURTH DISTRICT COURT OF APPEAL

**Samuel C. Sweeting,**
*Petitioner/Appellant*

v.

**Case No.**
**LT. No. 01-1239-CF-02**

**SOUTHBAY CORRECTION FACILITY;**
**SEC'T OF DEPT. OF CORRECTIONS;** et. al.
*Respondent/Appellant.*

## WRIT OF HAPEAS CORPUS PURSUANT TO A DISTRICT COURT'S TERRITORIAL JURISDICTION UNDER ARTICLE V, SECTION 4(C) of THE FLORIDA CONSTITUTION

*Comes Now* the petitioner *SAMUAL SWEETING*, compels this court to exercise the constitutional power to issue a writ directed to a person inside *THE DISTRICT COURT'S TERRITORIAL JURISDICTION* • *ARTICLE V, SECTION 4(C) OF THE FLORIDA CONSTITUTION* grants the marshal to a district court *"POWER TO EXECUTE THE PROCESS OF THE OF COURTS] THROUGHOUT THE TERRITORIAL JURISDICTION OF THAT COURT."* and *"PERMITTING [COMPETENT QUALIFIED] JUDGES TO ISSUE WRIT OF HABEAS CORPUS IN HIS COUNTY TO INQUIRE INTO CAUSE OF DETENTION OF PERSON HELD IN CUSTODY IN THAT COUNTY UNDER VOIDED PROCESSES, THOUGH ISSUED BY JUDGES OF ANOTHER CIRCUIT."*); *Janes v. Heidtman, 272 So.2d 207 (Fla. 4th DCA 1973)* *Yates v. Buchanan, 170 So.2d 72 (Fla. 3d DCA 1964).* It is not without saying certain restrictions apply when the court entertaining the habeas corpus petition does not have supervisory or appellate jurisdiction over the court that issued the order or other process under challenge. In such cases wherein a petitioners seeks a territorial courts

1

jurisdiction, the review of inquiry is limited to three general causations.

Furthermore, petitioner's wishes to explain the bypassing of the lower judicial circuit court. He does so with just cause. First, the petitioner has tried as did Murray before only to have that court misconstrue and automatically converted the Habeas Corpus to a 3.850 and transfered the motion to the Fifth Judicial Circuit Court the petitioner was sentenced in. Second, this case is illegally imprisoning the petitioner as of date 9 years over the max any judge could have legally imposed based on the juries findings. And Third, this court has dealt with this type of case in *Murray v Reiger, 872 So2d 217 (Fla 2002)*, thus this court is the best court to apply the same analysis under strikingly similar circumstances. Moreover, it would be a waste of judicial resources to require the petitioner to seek review in the lower court for which this court can do a more efficient review. Especially if the petitioner is correct and the conviction must be reduced to the lesser offense of *794.011(5)*.

**I.**

## *WHETHER THE COURT THAT ENTERED THE ORDER WAS WITHOUT JURISDICTION TO DO SO; WHETHER THE ORDER IS VOID; OR ILLEGAL:*

To understand the complex convoluted procedural posture of this case that makes the holdings in *Alachua Regional Juvenile Detention Center v. T.O., 684 So.2d 814 (Fla. 1996)* and even more so the Fla Supreme Court's review of this Court's denial in *Murray v. Kearney, 770 So.2d 273 (Fla. 4th DCA 2000)*, on the basis of express and direct conflict with this Court's opinion in Alachua Regional Juvenile Detention Center v. T.O, one only needs to look at the beginning to see the end.

Thus so as it goes: On September 16, 2022 the Honorable Larry Metz signed an order striking the petitioner's Motion to Correct Illegal Sentence pursuant to *FLA R CRIM*

2

*P* • *Rule* **3.800 (a)** specifically *authorizes trial courts to correct an illegal sentence* or score sheet error **"at any time."** • In Judge Metz's order, he clearly stated the following being broke down as to the demonstrated facts and law that establish the prerequisite record giving this court authority to entertain an order that is entered without jurisdiction to do so, was void and/or illegal.

The cause of the order was brought to Judge Metz's attention by a comp controller deputy clerk. (*This was undeniably done after said clerk got a call inquiring about a clerk sending a predrafted letter dated September 7, 2022, stating "The Clerk is noticed to reject any filings from the defendant in the subject matter case..." During the call the petitioner's family's representative questioned the clerk as to why was just this letter sent without the petitioner's original also returned as is normal protocol. The clerk stated Judge Metz had emailed them to inform them to return the petitioner's motion, however, when the petitioner's family requested copies of the emails and asked for an email address they were told she could not give them an email address or the emails from Judge Metz. PLEASE NOTE: The remainder detailed specifics of this call will be delineated at the time in which they are relevant.*)

Next Judge Metz's stated he reviewed pertinent portions of the Court files and noting the existence of an order entered by The Honorable Mark J Hill, Circuit Judge, on February 21, 2020, which prohibited *pro se* filings by the Defendant in the above style cause...

As to these findings the problem is reviewing pertinent portions. An honest review would have established that the petitioners Motion to correct illegal sentence filed on July 12, 2022 was filed, redacted, and pending even after the Deputy clerks September 7, 2022 response letter. (*PLEASE NOTE: The filing and redacting of the*

3

Edit with WPS Office

*defendants motion was the reason the Deputy Clerk did not send the motion back as was normal protocol. Furthermore, when confronted by this fact the clerk at that point passed the blame on Judge Metz's emails she refused to supply the petitioner's family with .)*

Nonetheless, Did the Deputy Clerk overstep her duties by sending Judge Metz the order of procedural bar by Judge Hill? Or did Judge Metz deliberately ignore everything else except documentation to support the Deputy Clerk's notification of a procedural bar by Judge Hill? In this case it is of no relevance which really occurred not withstanding the biased actions of the actual person reviewing only portions of the petitioner's record because this is only the beginning.

What is of relevance is the fact that as the petitioner's family informed the deputy Clerk, the bar placed on the petitioner's case was removed thus as the attached exhibits demonstrate the petitioner's case was not only open but the bar lifted sum 3 months prior, on March 3 2022. To be more precise this timeline coincides with the Fla Supreme Court's order refusing to accept jurisdiction only days after giving the petitioner 30 days to file a brief. Although Frustrated the petitioner, with help from his family started to draft a Federal Habeas Corpus and needing records realized the Fifth Judicial Circuit Court removed the procedural bar. What's even more relevant and disturbing is that Judge Metz is the Judge appointed on file. But even more intriguing Judge Metz appointed Thomas Carl. to represent the petitioner. *(PLEASE NOTE: Judge Metz's statement it was July 12, 2022 motion that brought to his attention as being inadvertently filed .)*

- First, How can a judge not know his docket?
- Second, How is an attorney appointed without the judge's order?

4

- Third, How can a motion be inadvertently filed when a case is open no bar and clearly there's an attorney on record?
- And Most Of All, How can Judge Metz not see this nor consider it a pertinent part of the record to review?

As if at this point its not enough to establish any one of the prerequisites of *Alachua Regional Juvenile Detention Center v. T.O* if not all of them, it only gets better. During the petitioner's most resent attempt to get relief and correct the manifest injustice causing the petitioner's illegal detention going on 9 years above what is legal, he raised four main issues that are interlocking to demonstrate the manifest injustice he declared occurred.

First, the one which the petitioner believed was the basis of the removal of the procedural bar, and looking at the findings that the petitioner's motion "...is a nullity, without force and effect..." in the order from Judge Metz, is the one single ground that create the lack of jurisdiction, the order to be void and the order to be illegal. As simple and clearly as can be said, the order by Judge Mark J Hill and the basis of dismissal after dismissal is itself a nullity and without force or effect due to Judge Mark J Hill's disqualification by matter of *JUDICIAL ADMINISTRATION RULE 2.160 · (j) Time for Determination. Stating:*

> "The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c) If not ruled on within 30 days of service, the motion shall be deemed granted..."

The basis of the petitioner's disqualification of Judge Hill was based on Judge Hill's personal vexation manifested in open court during the state prosecutor's attempt

5

to correct the illegal sentence back in October 2006, where in the state filed an order to transport the petitioner back to lake county so as to have him present for the courts correction of the illegal sentence. However, before the state had a chance to explain, Judge Hill immediately stopped the hearing, informed the state he remembers this case and he has the file in his office and called a recess. Upon recalling the hearing .... Judge Hill instantaneously denied the motion and orally stated he heard and remembered all the evidence in the petitioner's trial and "...he sincerely hopes the petitioner does every minute, hour and day of his sentence."

The petitioner's record clearly shows Judge Hill's acknowledgement of the petitioner's Motion to disqualify and the 3.850 Post Conviction Motion demonstrated by court minutes and setting of a hearing for both the disqualification and 3.850 motion. This in of itself demonstrates procedural violations wherein the rules are clear *"ALL PROCEDURES ARE TO BE STAYED UNTIL RESOLUTION OF THE DISQUALIFICATION IS COMPLETE. TO INCLUDE AN OPPORTUNITY TO APPEAL BY WAY OF PROHIBITION IF REQUIRED."* However, as become the norm in the petitioner's case the relevant controlling issues are ignored by all. It is well established that a judge can only concede or find the disqualification legally insufficient. No more no less. But in this case the judge set it for a hearing and furthermore, did nothing else as to the disqualification but did a written order denying the petitioner's 3.850 motion.

Fast forward several years and the petitioner attempted again to get relief wherein several judges were appointed recuse themselves and ended up back with Judge Hill. The important thing to notice is albeit not the best avenue, nonetheless, the petitioner filed a traverse after getting a show of cause why the petitioner should not be barred. And simultaneously filed a petition to enforce Code of Judicial Conduct to the

6

Edit with WPS Office

administrative judge about Judge Hill. Again ignoring the record the administrative judge denied the petition stating there's no evidence of bias from Judge Hill. Then subsequently judge Hill ordered a bar to be placed on the defendant and retired two weeks later.

Notwithstanding, the bar being a nullity and without force or effect it has severed Judge Hills personal wishes to have the petitioner serve every minute, hour and day of his illegal sentence. Which establishes this court has jurisdiction pursuant to *ARTICLE V,* *SECTION 4(C) OF THE FLORIDA CONSTITUTION* and the control legal authority cited above is the fact that for the past two years the petitioner has been diligently trying to get a court to address the merits of the petitioner's illegal sentence demonstrating the bar is a nullity but to no avail.

As this court can see the findings in Judge Metz's Order To Strike Petitioner's Illegal Sentence exhausts the petitioner's avenues to get the court that has appellate jurisdiction to answer one question that although it has been argued many different ways comes down to

> " If the State's fails to incorporate within the jury verdict form the single element that separates the greater from the lesser. Thus omitted essential element is the element that quantifies the force used during the criminal act. Legislature undeniable mandated that *"serious personal injury"* is the qualifying element need to find guilty and subsequently convict pursuant to *Fla Stat 794.011(3)* . The defendants jury verdict fails to lawfully find guilt as to *Fla Stat 794.011(3)* due to the verdict for omitting the word *"SERIOUS"*. Therefore the jury was not attentively attuned to *subsection (3)* but instead only *subsection (5)* . Which legislation held is force *"NOT*

7

*LIKELY TO CAUSE SERIOUS PERSONAL INJURY*". And a court imposes an Illegal sentence of section (3)'s 30 years rather than legislatures intent of 15 years max."

To simplify the petitioner's final resolution, even more for review of this court and to see Murray v Reiger's convoluted procedural posture is so strikingly similar that the doctrine of Stare Decisis establishes this courts Territorial Jurisdiction to correct the illegal sentencing order on the petitioner's facts and law only. Therefore the petitioner seeks immediate release on the factual basis he has completed the sentence for which the jury found him guilty for.

## *THUS SIMPLY ENFORCE THE JURY VERDICT OF 794.011(5) FORCE "NOT" LIKELY TO CAUSE SERIOUS PERSONAL INJURY • EMERGENCY RELEASE THE PETITIONER DUE TO HIM SERVING 9 YEARS PAST THE STATUTORY MAX LEGISLATURE INTENDED FOR THIS CRIME.*

To recap the conclusion and demonstration this Courts authority to accept Territorial Jurisdiction • Had Judge Metz reviewed the record correctly in the totality he would see that although a nullity and without forced or effect, but completely removed making the petitioner's case open allowing the filling and moreover addressing the merits of the Illegal Sentence brought to the courts attention. Therefore, Judge Metz was without jurisdiction to Strike the petitioner's motion utilizing and findings from Judge Hill's procedural bar, and see that the petitioner's trial counsel raised this exact claim twice, featured this issue in Judicial acts to be reviewed, Direct Appellate counsel ignored this claim, the DCA upon mandatory review when an Anders Brief is filed pursuant to *State v Causey, 503 So 2d 321, 327 (Fla 1987)* ignored this claim. And Judge Hill prevented the state prosecutor from proffering factual evidence of the illegal

8

sentence imposed by the Judge Hill himself. But most of all, so that the record is clear as to the petitioner's declaration the petitioner's bar had been removed 3 month prior to filing the July 12, 2022 filing[1] had Thomas Carl as counsel on record with the presiding judge being himself.

## II

## PRIOR ISSUES THE PETIONER CONTINUOUSLY SOUGHT RELIEF FROM, THAT CREATE A MANIFEST INJUSTICE NEVER ADDRESSED ON THE MERITS BY ANY COURT TO INCLUDE THE FIFTH DISTRICT COURTS SAFEGUARD REVIEW WHEN APPELLATE COUNSEL FILES AN ANDERS BRIEF.

As delineated   above, being clearly shown and undeniably demonstrates the petitioner indeed has been frustrated in his efforts to have the merits of his claims addressed  by all court just as Murray was. Thus while the scope of habeas inquiry by a court as this one that does not have supervisory or appellate jurisdiction over the court which issued the order under challenge "*is limited to whether the court that entered the order was without jurisdiction to do so or whether the order is void or illegal*," **Alachua Regional, 684 So.2d at 816**, this limited inquiry does not foreclose constitutional challenges to illegal detention or leave a petitioner without an avenue to bring such a challenge, as is the petitioner in this case.

To clarify the petitioner is not attacking the validity of his sentence, but showing

---

[1] PLEASE NOTE: The only reason the petitioner did not raise the issue of Judge Hill's procedural bar being a nullity and without force or effect, was because the bar was removed sometime prior to the petitioner's family review of the petitioner's online docket on March 3, 2022, close to 3 months prior to the petitioner's July 12, 2022 filing the "Motion To Correct Illegal Sentence"

Edit with WPS Office

the lack of jurisdiction in many of his orders especially the one most recent by Judge Metz, by demonstrating the legal basis for every strike and/or dismissal relied on Judge Hill's well established nullified, non enforceable order without force to legally bar the petitioner's forcing him to continue to serve the illegal 30 year sentence imposed by Judge Hill, thats clearly contrary to the jury findings of guilty being:

"..*WITH FORCE LIKELY TO CAUSE PERSONAL INJURY* ...."

Rather than

"...*WITH FORCE LIKELY TO CAUSE SERIOUS PERSONAL INJURY* ..."

required to impose and sustain the 30 years sentence pursuant to legislature's intent codified in 793.011(3). The petitioner's jury form reading *WITH FORCE LIKELY TO CAUSE PERSONAL INJURY* is a legal equivalent to legislature's intentions of with force not likely to cause serious personal injury codified in 794.011(5) limiting the maximum penalty of 15 years.

The following grounds delineated below have been raised over and over in every legitimate court with competent jurisdiction either striking or dismissing according to the nullified procedural bar, that make the petitioner's sentence qualify as a miscarriage of justice rather than just a manifest injustice. Nonetheless, all courts have refused to address the merits but instead dispose of the petitioner's claims through the biased eye of Judge Hill so as to essentially uphold the vexation and...

## *"SINCERELY HOPES THAT THE PETITIONER DOES EVERY MINUTE, HOUR AND DAY OF HIS SENTENCE* , "

Refusing to even acknowledged the petitioner's declaration *JUDGE HILL DID NOT HAVE PERSONAL JURISDICTION OVER THE PETITIONER'S* due to the Disqualification by matter of law codified and pursuant to *Florida JUDICIAL*

10

*ADMINISTRATION RULE 2.160(j).*

## ISSUE ONE:

THE PETITIONER'S COUNT ONE AND COUNT TWO RELY ON THE SAME CRIMINAL ACTION • HOWEVER, THE JURY ACQUITED THE PETITIONER OF GREAT BODILY INJURY • SUBSEQUENTLY THE JUDGE THEN FOUND THE PETITIONER'S JOA TO BE CORRECT AND ACQUITS PETITIONER OF THE SIMPLE BATTERY AFTER DELIBERATIONS AND IMPOSES AN ILLEGAL SENTENCE WHEREIN THE ACQUITTED ELEMENT IS ONE AND THE SAME CRIMINAL ACTION • VIOLATING DOUBLE JEOPARDY BY MISUSE OF Fla Stat 775.021(4)(a) • SIMULTANEOUSLY VERTICALLY UPCHARGING COUNT ONE • WHILE DELIBERATELY OMMITTING THE ESSENTIAL ELEMENT FROM THE JURY FORM.

The State prosecutor pursuant to *Fla Stat 775.021(4)(a)* which states:

> *"Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial ."*

Charges a defendant with multiple counts stemming from a single criminal

11

episode as is their discretion to do so by fragment[ing] a single criminal transaction into numerous component offenses.

Then a prosecutor amends the charges when a defendant chooses to exercise the constitutional right to a jury trial both horizontally and vertically, prior to trial when in fact no new circumstances were developed nor presented since the original date of filing charges. Albeit vindictively charging offenses at a higher level than the circumstances of the case warrant.[2]

Nonetheless, a jury acquits on multiple counts. Finds a defendant charged with aggravated battery, guilty of simple battery. Finds guilty as charged according to the jury verdict in front of them. (*SEE AND CONSIDER: example one delineated above as the charge found guilty of by this jury*) Then Subsequently a Judge on his own accord choses to revisit the defendant's motion for acquittal emphatically argued by his counsel, and acting as the seventh juror after letting said charge go to the jury for deliberations, completely acquits the defendant of the simple battery charge. Finding he believes defendant's counsel was right.

Moreover, the facts are undisputable the aggravated battery's (*GREAT BODILY HARM*) element is the one and same criminal element used sexual battery's - (*GREAT FORCE LIKELY TO CAUSE SERIOUS PERSONAL INJURY ELEMENT.*) Thus the sentence to sexual battery with force's 30 year imposition is an illegal sentence in violation of double jeopardy.

_____

[2] **PLEASE NOTE**: *For this hypothetical all documents to include statements, police reports and physical evidence is absents of the quantum proof necessary to justify the amending of charges, as did the prosecutor's evidence adduced at trial.*

## ISSUE TWO:

## THE STATE DELIBERATELY OMITTED THE ESSENTIAL ELEMENT OF "SERIOUS" IN THE JURY FORM TO SUBSTAIN A CONVICTION TO 794.011(3), AT THE SAME TIME AS DEPENDING ON THE SAME CRIMINAL ACTION IN GROUND TWO.

It is without question that Florida legislature has divided sexual battery in to differing degrees. Each with essential elements necessary to the finding of guilt as to whichever degree the state as a representative of the people not only "MUST" establish beyond and to exclusion of reasonable doubt as well as the jury must find those specific elements to be established.

The crux of this issue is the states failure to incorporate within the jury verdict form the single element that distinguishes the greater from the lesser. This essential element is the element that quantifies the force used during the criminal act. Legislature undeniable mandated that "**serious personal injury**" is the qualifying element need to find guilty and subsequently convict pursuant to *Fla Stat* **794.011(3)**. The defendants jury verdict fails to lawfully find guilt as to *Fla Stat* **794.011(3)** due to the verdict form omitting the word *"SERIOUS"*. Therefore the jury was not attentively attuned to subsection **794.011(3)** but instead only subsection **794.011(5)**. Which legislation held is force *"NOT LIKELY TO CAUSE SERIOUS PERSONAL INJURY"*.

Therefore, as well established law this court must read the verdict in the manner which clearly specifies the essential elements the jury finds that the state has adduced. Moreover as this case is strikingly identical circumstances of those in *State v. Reardon*, **763 So. 2d 418, 419 n.3 (Fla. 5th DCA 2000)**, wherein the verdict form gave no

13

Edit with WPS Office

indication as to  whether the jury determined that the taking in this case constituted robbery because of  the accompanying assault on the victim, or based upon some separate use of force or  violence.  Because *"[w]e must read the verdict in a manner which would give the benefit  of the doubt to"* the defendant, the defendants convictions for **794.011(3)** must be corrected and resentence to **794.011(5)**.

## ISSUE THREE:

## MOTION TO ENFORCE JURY VERDICT FILED TO THE FIFTH DISTRICT COURT OF APPEALS PRIOR TO AND SIMULTANEOUSLY WHEN ORDERED TO SHOW CAUSE WAS ERRONEOUSLY AND INTENTIONALLY STRICKEN.

The DCA explicitly relied on and commented about the timestamp on the petitioners Motion to Enforce Jury Verdict, but failed to show any significance of a time stamp rule for a Miscarriage of Justice claim being raised.

The failure to instruct the jury on an element of a crime is fundamental error if the element was disputed at trial."*Parrondo v. State*, 239 So. 3d 777, 781 (Fla. 3d DCA 2018) (citing *Garcia v. State*, 901 So. 2d 788, 794 (Fla. 2005);*Reed v. State*, 837 So. 2d 366, 369-70 (Fla. 2002)); see also *Ramroop*, 214 So. 3d at 665 ("This Court has 'long held that fundamental error occurs in a jury instruction where the instruction pertains to a disputed element of the offense and the error is pertinent or material to what the jury must consider to convict.' " (quoting*Haygood v. State*, 109 So. 3d 735, 741 (Fla. 2013)). In present case the word **"Serious"** was intentionally omitted from the petitioners jury verdict, prohibiting the conviction of legislature's higher degree of *Fla Stat* 794.011(3), which essential element differing from the lesser is "**Serious** injury" compared to "<u>**NOT Serious**</u>".

14

## ISSUE FOUR:

## THE EVIDENCE ADDUCED AT TRIAL DOES NOT SUPPORT A CONVICTION UNDER 794.011(3) WAS IGNORED BY PETITIONER'S APPELLATE COUNSEL, AS WELL AS THE FIFTH DCA, DURING THEIR EXAMINATION OF THE RECORD. SEE *STATE V. CAUSEY*, 503 SO. 2D 321 (FLA. 1987)

It is well established that a proper analysis under Anders is not a review requiring a "fine tooth comb" style of review. By no means should this opinion be read to require district courts to read between the lines of a record to discover the most remote, unlikely error. Nonetheless, at the very least, however, pursuant to Anders, in order to assure indigents fair and meaningful appellate review, the appellate court must examine the record to the extent necessary to discover any errors apparent on the face of the record, which did not occur in present case. Had the Fifth DCA examined the Judicial Acts to be Reviewed and the transcripts for the JOA and sentencing the petitioner would have been released 9 years ago.

### CONCLUSION

1. *The procedural bar is a nullity, without force and effect due to the imposing judge lacking personal jurisdiction over the petitioner.*

2. *All courts have ignored the petitioner's attempt after attempt to demonstrate the bar is a voided order, only to fall on deaf ears.*

3. *Having the procedural bar removed before the petitioner filed a Motion To Correct An illegal sentence. Rather than address the merits pursuant to Fla R Crim P 3.800(a), Judge Metz reset the bar and struck the petitioner's motion.*

Thus invoking territorial jurisdiction as the petitioner is now doing, The Fifth District Court  is without authority to issued the writ to the Southbay Corr. Fac.  because

15

it is located in Palm Beach County , which falls outside The Fifth District's territorial jurisdiction and into that of The Fourth District to grant this Habeas Corpus.

Respectfully submitted,

/s/ *Samuel Sweeting*

Samuel Sweeting

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been handed to officials at Southbay Corr. FAC. at 600 US Hwy 27 South, Southbay , Fla 33493 on this ____4____ day of April ,2023 .

/s/ *Samuel Sweeting*

Samuel Sweeting

DC# U06991

## OATH

Under penalties of perjury, I declare that I have read the foregoing motion, or had it read to me, that I understand the motion's content, and that all of the facts alleged in the motion are true and correct. Executed on this ____4____ day of April 2023 .

/s/ *Samuel Sweeting*

Samuel Sweeting

DC# U06991

16

**9•20•22 Order Striking Petitioner's Motion To Correct Illegal Sentence**

[SEP 19 2022 AM 11:24]
CLERK OF CIRCUIT
AND COUNTY COURT
TAYLOR COUNTY FLORIDA

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT, IN AND FOR LAKE
COUNTY, FLORIDA

STATE OF FLORIDA,

vs.

SAMUEL CARL SWEETING,
Defendant.

> Q: How is a motion inadvertently accepted on a procedurally barred case?
> A: THE PROCEDURAL BAR WAS REMOVED SUM THREE MONTHS PRIOR!

ORDER STRIKING MOTION TO CORRECT ILLEGAL SENTENCE

THIS CAUSE came before the Court *sua sponte* upon notification from the Clerk notifying that it had inadvertently accepted for filing the Motion to Correct Illegal Sentence filed by the Defendant on July 12, 2022, and the Court having reviewed the pertinent portions of the Court file and noting the existence of an order entered by The Honorable Mark Hill, Circuit Judge on February 21, 2020, which order prohibited *pro se* filings by the Defendant in the above-styled cause; and the Court being otherwise fully advised in the premises, it is thereupon

ORDERED as follows:

1. The Motion to Correct Illegal Sentence filed by the Defendant on July 12, 2022, should not have been accepted by the Clerk of the Court for filing because of the order entered by The Honorable Mark Hill on February 21, 2020, prohibiting the Defendant from *pro se* filings.

2. Accordingly, the Motion to Correct Illegal Sentence filed by the Defendant on July 12, 2022, is **STRICKEN** as a nullity, has no force and effect, and shall not be ruled upon.

DONE and ORDERED in Chambers at Tavares, Lake County, Florida, this ___ day of September 2022.

LARRY METZ, CIRCUIT JUDGE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was served via hand or mail delivery or electronic service to the State Attorney's Office, Post Office Box 7800, Tavares, FL, 32778, the Office of the Public Defender, 123 N. Sinclair Avenue, Tavares, FL, 32778 and to Defendant, Samuel Carl Sweeting (DC# J06991) South Bay Correctional Facility, 600 U.S. Highway 27 S., South Bay, Florida, 33493, by hand, mail and/or e-service, this _____ day of September 2022.

_____
DEPUTY CLERK

2

## 2•21•20 Order Barring Petitioner From Further Pro Se Filings

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

STATE OF FLORIDA,

    Plaintiff

v.                                       Case No. 2001-CF-1239

SAMUEL C. SWEETING,

    Defendant.

_____/

### ORDER BARRING DEFENDANT FROM *PRO SE* FILINGS

Pursuant to the Order to Show Cause issued on July 22, 2019, the Court finds that to ensure the efficient and proper administration of the Courts, as required by Florida Rules of Judicial Administration 2.21(b)(3), it is necessary and proper to enter the below Order in this action.

#### A. FACTS AND PROCEDURAL HISTORY

On or about February 20, 2002, the Defendant was convicted after a trial by jury of two counts of sexual battery involving threatened present use of force or violence. After the imposition of conviction and sentence, the Defendant, like many, immediately appealed his conviction. However, unlike many, the Defendant, over the span of seventeen years has filed a barrage of *pro se* pleadings, many of which have been frivolous. In the last year alone, Defendant has filed approximately 8 to 9 such *pro se* pleadings, notwithstanding his ongoing barrage of appeals with both the Fifth District Court of Appeal and The Florida Supreme Court, all of which have been denied. The Defendant was previously warned that future such activity may result in the subject matter sanctions being implemented.

On July 22, 2019, this Court issued an Order to Show Cause as to why the Defendant should not be barred from future *pro se* filings ("Order to Show Cause.")

On August 14, 2019, Defendant filed a Response to the Order to Show Cause titled Petition for a Traverse in Response to Court Order noted July 22, 2019. The response did not provide any legal or factual basis in support of not barring Defendant.

## B. ANALYSIS

Courts may, upon a showing of egregious abuse of judicial process, restrict parties from filing *pro se* pleadings with the court. *State v. Spencer*, 751 So. 2d 47, 47 (Fla. 1999). "It is well-settled that courts have the inherent authority and duty to limit abuses of judicial process by *pro se* litigants." *Golden v. Buss*, 60 So. 3d 461 (Fla. 1st DCA 2011); *See Jackson v. Fla. Dep't of Corr.*, 790 So. 2d 398, 400 (Fla. 2001) (noting that the supreme court "has inherent power to regulate and sanction a disruptive litigant); *McCutcheon v. State*, 44 So. 3d 156, 162 (Fla. 4th DCA 2010) (concluding that the litigant's appeals were frivolous, malicious, and not filed in good faith).

A Court should not flippantly impose sanctions against *pro se* litigants. However, if citizen abuses the right to *pro se* access by filing repetitious and frivolous pleadings, thereby diminishing the ability of the courts to devote their finite resources to the consideration of legitimate claims. *See Rivera v. State*, 728 So. 2d 1165, 1165 (Fla. 1998); *Attwood v. Singletary*, 661 So. 2d 1216, 1216 (Fla. 1995). Further, where a party engages in a pattern of filing voluminous pleadings which are meritless, the sanction may be appropriate. *See Hedrick v. Fields*, 430 So. 3d 791, 792-93 (Fla. 1st DCA 2014).

*Intentionally Left Blank*

1.    Because the Defendant has failed to show good cause why he should not be barred, this Court believes sanctioning him as noticed is appropriate.

In reviewing Defendant's Response, this Court concludes that he has failed to set forth a legal basis that would preclude the imposition of sanctions. The Defendant has engaged in a pattern of filing voluminous, repetitive and meritless pleadings, motions or other requests for relief in this court. Upon an exhaustive review of Defendant's numerous filings in this Court over the last seventeen years, the Defendant has abused the processes of the court. Accordingly, to preserve the right of access to the courts for all litigants in this Court and to promote the interests of justice, it is,

**ORDERED AND ADJUDGED:**

1.    The Defendant is BARRED from future *pro se* filings in the subject matter case.

2.    The Clerk is hereby noticed to REJECT any filings from the Defendant in the subject matter case unless such is signed by a licensed attorney in good standing with the Florida Bar.

**DONE AND ORDERED** in chambers at Tavares, Lake County, Florida this ____ day of February, 2020.

_____
Mark J. Hill, Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Order has been furnished by e-mail AND

Mail, this ___ day of February, 2020, to the following:

| | |
|---|---|
| Samuel C. Sweeting, DC#006991<br>Okeechobee Correctional Institution<br>3420 N.E. 168th Street<br>Okeechobee, FL 34972 | Office of the State Attorney<br>550 W. Main Street<br>Tavares, FL 32778<br>eserviceclake@sao5.org |

Judicial Assistant

RECORD OF APPEAL INDEX DEMONSTRATING NO ORDER DISPOSING MOTION TO RECUSE.

| | | |
|---|---|---|
| FILE ONLY - RESOLVED 011007 BY DENIAL OF 3.800 MOTION" | | |
| DIRECTIONS TO THE CLERK | 07/23/07 | 397-398 |
| PRO SE MOTION | 09/18/08 | 399-410 |
| JUDGE'S REVIEW FORM - PRO SE MOTION FOR POST CONVICTION RELIEF - JUDGES COMMENTS "PLEASE SET ON NEXT FELONY HEARING DATE. ASA TO RESPOND." | 09/23/08 | 411 |
| STATE'S RESPONSE TO DEFT'S MOTION FOR POST CONVICTION RELIEF ATTORNEY: LOCKSHIN, LORI () | 10/27/08 | 412-468 |
| DEFT PRES FOR MOTION HEARING | 10/28/08 | 469 |
| JUDGE'S REVIEW FORM - JUDGE REQUEST FOR FILE ON 3.850 - DENIAL JUDGES COMMENTS: COURT REPLIED UNDER SEPARATE ORDER | 01/23/09 | 470-486 |
| ORDER DENYING DEFTS MOTION FOR POST CONVICTION RELIEF | 01/23/09 | 487-489 |
| NOTICE OF APPEAL | 0 | |
| COVER LETTER WITH CERTIFIED NOTICE OF APPEAL | 0 | |
| ACKNOWLEDGMENT OF NEW CASE | 0 | |
| APPEAL COURT ORDER | 0 | |
| FINAL ORDER/MEMORANDUM FROM 5TH DCA - NO MANDATE WILL BE ISSUED IN THIS CAUSE | 0 | |
| STATES RESPONSE TO DEFENDANT'S MOTION FOR POST CONVICTION RELIEF | 10/27/09 | 7-551 |
| PRO SE MOTION FOR RECUSAL | 10/07/1 | 552-559 |
| PRO SE MOTION FOR POST CONVICTION RELIEF | 10/0 | 560-574 |
| JUDGE'S REVIEW FORM - PRO SE MOTION FOR POST CONVICTION RELIEF AND MOTION FOR RECUSAL - PER JUDGE - SET FOR HEARING | /10 | 575 |
| ORDER DENYING DEFT'S MOTION FOR POST CONVICTION RELIEF | 11/17/10 | 576 |
| NOTICE OF APPEAL | 12/14/10 | 577-578 |
| COVER LETTER WITH CERTIFIED NOTICE OF APPEAL | 12/27/10 | 579 |
| ACKNOWLEDGMENT OF NEW CASE | 01/03/11 | 580 |
| APPEAL COURT DECISION OR OPINION | 05/20/11 | 581 |
| APPEAL COURT MANDATE | 06/13/11 | 582-583 |
| DISPOSAL APPROVAL ORDER EVIDENCE LISTING: SAID EVIDENCE CAN NOT BE DISPOSED, DEFENDANTS CURRENT RELEASE DATE FROM DOC IS 12/30/2030. | 04/20/12 | 584 |
| APPEAL COURT ORDER | 09/04/14 | 585 |

HEARING SET FOR BOTH RECUSAL & 3.850
- Order Of Denial On 3.850
- NO ORDER DISPOSITION ON RECUSASL

# 10•11•10 Court Minutes Demonstrating Judge Hills Acknowledgement of Recusal And Post Conviction Motion

DATE:       October 11, 2010

FROM:       SUSIE, Deputy Clerk

CASE #:     2001-CF-1239        (02)

NAME:       SAMUEL CARL SWEETING

- [ ] PRO SE DEMAND FOR SPEEDY TRIAL
- [x] PRO SE MOTION FOR POST CONVICTION RELIEF (3.850)
- [ ] PRO SE MOTION TO CORRECT ILLEGAL SENTENCE (3.800)
- [ ] PETITION FOR WRIT OF HABEAS CORPUS
- [ ] PETITION FOR WRIT OF MANDAMUS
- [x] PRO SE. MOTION FOR RECUSAL
- [ ] OTHER:

## JUDGE'S COMMENTS

_____  Defendant is represented by an attorney. Pleadings filed by a defendant who is
       Represented by an attorney are nullities. Please ask your attorney about filing certain
       pleadings. See Burke v. State, 752 So.2d 1194 (Fla. 4th DCA 1999), 846 So.2d 472
       (Fla. 2001)

_____  Your request will be placed on the court's docket _____ at 8:30 a.m. You
       will receive notice in the mail.

_____  Other

_____

_____

_____

                              REVIEWED BY

                              CIRCUIT JUDGE

DEFENDANT'S PRO SE

DOCUMENT

COPIED TO: _____

Date: _____

PAGE # 575



**Part A:**

PROVIDED TO LAKE CI
ON 10/06/10 FOR MAIL

## IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL
## CIRCUIT IN AND FOR LAKE COUNTY, FLORIDA

**SAMUEL CARL SWEETING,**
Defendant,

**VS**

CRIMINAL DIVISION
Case No: 01-1239-CF (03)

**STATE OF FLORIDA,**
Plaintiff,

_____

### MOTION FOR RECUSAL

COMES NOW, the Defendant, Samuel Sweeting, pro se, and hereby Moves this Honorable Court and Chief Judge to properly and respectfully issue an Order Recusing the Honorable Mark J. Hill from the Defendant's case and Postconviction matters. The Defendant submits the following facts to support this request:

1). The Defendant was tried and found guilty by a jury with the Honorable Mark J. Hill as the presiding Judge.

2). Judge Hill sentenced the Defendant to 30 years Florida State Prison.

3). During the Defendant's Evidence Hearing Judge Hill made a derogatory statement that he sincerely hopes the Defendant serves every last minute, hour and day of his sentence (Exhibit "A"). This clearly indicates and represents personal bias towards the Defendant.



Judge
10-07-10/0

PAGE # 552

4). Thus, Judge Hill cannot be fair and neutral relating to the matters of this case as indicated by his derogatory statement at the Defendant's evidence hearing

5). The Defendant is entitled to a fair and neutral review of this Postconviction Proceeding as it can make the difference as to whether the Defendant remains incarcerated or receives a new trial.

6). The Defendant has thus maintained his innocence throughout the entire proceeding and to this day still maintains his innocence.

7). The Defendant requests this Honorable Court to remove Judge Mark J. Hill from his Postconviction matters and all matters relating to Defendant's case and for Defendant's case to be reassigned to another judge for a proper review.

8). The Defendant submits this Motion to Recuse in good faith.

## CONCLUSION

WHEREFORE, based upon the foregoing facts stated the Defendant prays that this Honorable Court issue an Order Recusing Judge Mark J. Hill from the Defendant's Postconviction proceedings.

Respectfully submitted,

Samuel C. Sweeting, DC# U06991
Lake Correctional Institution
19225 U.S. Hwy. 27
Clermont, Fl 34715-9025

PAGE # 353

## UN-NOTARIZED OATH
### Pursuant to section 92.525 (2), Florida Statutes (2009)

Under penalties of perjury, I _____ declare that I have read the foregoing and that the facts stated in it are true and correct.

10-6-10
Date

Samuel C. Sweeting DC# U06991

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion has been hand delivered to Lake C.I. Mailroom staff for mailing U.S. mail, first class postage prepaid to: Office of the State Attorney, 550 West Main Street, Tavares, Florida 32778, This _6_ day of _October_, 2010.

Samuel C. Sweeting DC# U06991
Defendant, Pro se
Lake Correctional Institution
19225 U.S. Hwy. 27
Clermont, Fl 34715-9025

3

## RULE 2.160. DISQUALIFICATION OF TRIAL JUDGES

**(a) Application.** This rule applies only to county and circuit judges in all matters in all divisions of court.

**(b) Parties.** Any party, including the state, may move to disqualify the trial judge assigned to the case on grounds provided by rule, by statute, or by the Code of Judicial Conduct.

...............

**(i) Judge's Initiative.** Nothing in this rule limits the judge's authority to enter an order of disqualification on the judge's own initiative.

**(j) Time for Determination.** The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). *If not ruled on within 30 days of service, the motion shall be deemed granted* and the moving party may seek an order from the court directing the clerk to reassign the case.

# BASIS OF DISQUALIFICATION

### *THIS COURT SENTENCED THE DEFENDANT TO A LEGALLY PERMISSIBLE SENTENCE AND DID SO AFTER HEARING THE EVIDENCE IN THIS CASE AND SINCERELY HOPES THAT THE PETITIONER DOES EVERY MINUTE, HOUR AND DAY OF HIS SENTENCE ,*

- *VALLTOS V. STATE,* 707 So 2d 343 (Fla 3rd DCA 1997)

    The response filed on behalf of the trial judge in this proceeding creates "an intolerable adversary atmosphere between the trial judge and the litigant." *Bundy v Rudd,* 366 So.2d 440,442 (Fla 1978) ;*Fabber v Wessel,* 604 So.2d 533 (Fla. 4th DCA 1992);

# EXHIBIT
## DOCKET SCREEN SHOTS ESTABLISHING CASE OPEN.

*#1*



*#2*



*#3*



1

**#4**



**#5**





As of The
**MARCH 3, 2022 Docket**
**The Defendant's case is OPEN**

LTE

Home / Case Search / 35-2001-CF-001239-AXXX-XX

🖨 Print                                    ← Back to Results

On or about *March 3, 2022* the powers to be *logically due to the defendant's filing a MANIFEST INJUSTICE MOTION to the DCA and Discretionary Review/First Time Appeal to the Fla. Supreme Court*, removed the NONENFORCEABLE PROCEDURAL BAR placed upon my case by *Judge Mark J Hill* being forever disqualified by a matter of law.

**Case #:** 35-2001-CF-001239-AXXX-XX

**File Date:** 06/08/2001

**Party Name/Business:** SWEETING, SAMUEL CARL

**Court Type :** Felony

**Name Suffix:**

**Case Type:**

**DOB:** 07/18/1980

**Case Status:** OPEN

**Party Type:** Defendant

**Restitution Balance:** $0.00

**Offense Date:** 06/08/2001

Court Events    Dockets    Sentences    Arrests & B

As of *March 3, 2022* the defendant had appointment of Regional Counsel *Attorney.*

**Judge:** METZ, LARRY

**Defense Attorney** CARLE, THOMAS

**Public Defender:** REGIONAL COUNSEL, A

| Full Name | Party Type | Sex | Race |
|---|---|---|---|
| ⊕ SWEETING, SAMUEL CARL | Defendant | M | B |

Showing 1 to 1 of 1 entries

1

Privacy - Terms

3



**Gary J. Cooney**
*Clerk of the Circuit Court and Comptroller*
*550 West Main Street, Post Office Box 7800*
*Tavares, Florida 32778-7800*
*(352) 742-4100 · www.lakecountyclerk.org*

September 7, 2022

SAMUEL CARL SWEETING DC# U06991
SOUTHBAY CORR FAC
600 US HWY 27 S
SOUTHBAY, FL 33493

LEGAL MAIL

RE: State of Florida vs. SAMUEL CARL SWEETING
Case Number(s): 35-2001-CF-001239-AXXX-XX

Dear Mr. Sweeting,

We received your correspondence on 7/12/2022 regarding the following:

☐ Your pro se motion for _____ has been reviewed by the judge.

☐ Your request will be placed on the court's docket. You will receive notice in the mail.

☐ Defendant is represented by an attorney. Pleadings filed by a defendant who is represented by an attorney are nullities. Please ask your attorney about filing certain pleadings. See Burke v. State, 732 So.2d 1194 (Fla. 4th DCA 1999); 846 So.2d 472 (Fla. 2003).

☐ Court costs, fines, and fees are imposed and due at sentencing. Failure to pay costs, fines, fees, in full or as agreed will result in your case being sent to collections with additional fees applied. Your case may be referred to the Florida Department of Highway and Safety and Motor Vehicles for the suspension of your driver's license.

☐ For copies of transcripts contact the Electronic Court Reporter at 550 West Main Street, 4th floor, Judicial Bldg., Tavares, FL 32778 or by phone at 352-253-1612.

☒ Other: Order barring defendant from pro se filings was filed 02/21/22. The Clerk is noticed to reject any filings from the defendant in the subject matter case unless such is signed by a licensed attorney in a good standing with the Florida Bar.

Sincerely,

**CLEARLY THE CLERK IS TO RETURN ALL FILINGS REGARDLESS OF STATUES AND WELL RULES PRROTECTING PRISONERS FROM *MANIFEST INJUSTICES* SUCH AS FLA R CRIM P 3.800**



10:43

Lake County Clerk, Florida    Q Case Search

| | | 280 | 02/06/2020 | 0 | PRO SE MOTION | TO HEAR AND RULE |
| | | 281 | 02/06/2020 | 0 | PRO SE NOTICE | OF INQUIRY |
| | | 282 | 02/06/2020 | 0 | LETTER FROM CLERK | |
| | | 283 | 02/18/2020 | 0 | PRO SE NOTICE | OF INQUIRY |
| | | 284 | 02/18/2020 | 0 | LETTER FROM CLERK | |
| | | 285 | 02/21/2020 | 0 | ORDER | BARRING DEFENDANT FROM PRO SE FILINGS |
| | | 286 | 03/04/2020 | 0 | NOTICE OF APPEAL | |



| | | | 287 | 03/04/2020 | 0 |
| | | | 288 | 04/16/2020 | 0 |
| | | | 289 | 04/17/2020 | 0 |
| | | | 290 | 04/17/2020 | 0 |
| | | | 291 | 04/22/2020 | 0 |
| | | | 292 | 05/29/2020 | 0 |
| | | | 293 | 07/01/2020 | 0 |
| | | | 294 | 12/22/2020 | 0 |
| | | | 296 | 03/22/2021 | 0 |
| | | | 297 | 07/08/2021 | 0 |
| | | | 298 | 07/20/2021 | 0 |
| | | | 299 | 07/23/2021 | 0 |
| | | | 300 | 07/28/2021 | 0 |
| | | | 301 | 08/05/2021 | 0 |
| | | | 302 | 09/17/2021 | 0 |
| | | | 303 | 03/01/2022 | 0 |

Docket Showing The Defendant's 3.800 Has Been Accepted And Filed.

Document

Showing 276 to 300 of 301 entries

1  …  9  10  11  12  13

Lake County Clerk, Florida

7:07







*As Of Date The Clerk Overstepping Duties Closed The Defendants Case Without A Judge Even See If The Defendants Motion To Enforce Jury Verdict Is A Manifest Injustice Requireing courtcorrection Of Sentence*

10:29

Lake County Clerk, Florida

🖨 Print                    ← Back to Results

Case #: 35-2001-CF-001239-AXXX-XX          File Date: 06/08/2001

Party Name/Business:                        Court Type : Felony
SWEETING, SAMUEL CARL

                                            Case Type:

DOB: 07/18/1980                             Case Status: CLOSED

Party Type: Defendant                       Restitution Balance: $0.00

Offense Date: 06/08/2001

| Parties | Charges | Court Events | Dockets | Se |

Judge: METZ, LARRY          Defense Attorney: CARLE, THOMAS

Public Defender: REGIONAL COUNSEL A

| Full Name | Party Type | Sex | Race |
|---|---|---|---|
| SWEETING, SAMUEL CARL | Defendant | M | B |

Showing 1 to 1 of 1 entries

1

Privacy - Terms

9



2022 JUL 12 AM 11:01

CLERK OF CIRCUIT
AND COUNTY COURT
LAKE COUNTY
TAVARES FLORIDA

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

SAMUEL CARL SWEETING,
*Defendant,*

vs.

CASE NO.: 35-2001-CF-001239-AXXX-XX

STATE OF FLORIDA,
*Plaintiff,*

Provided to South Bay Corr. and Rehab. Facility
on 7/6/2022 D&C for mailing.

_____/

## MOTION TO CORRECT ILLEGAL SENTENCE

COMES NOW the Defendant, Samuel Sweeting, compels this Honorable Court to correct the illegal sentence in this case pursuant to *Fla.R.Crim.P. 3.800(a)*. On or about the 20th day of February 2002 by Judge Mark Hill of this Fifth Judicial Circuit Court, did *illegally* adjudicated the Defendant guilty and imposed a *30 year illegal sentence*. Being that may, This court is authorized to review the defendant's request for relief from the *illegal sentence* even if consideration of such a *Rule 3.800 (a)* motion would be successive to the consideration of a defendant's previously asserted claims for post-conviction relief because *Rule 3.800 (a)* specifically *authorizes trial courts to correct an illegal sentence* or scoresheet error "at any time." Florida courts have consistently ruled that, unlike *Rule 3.850* proceedings, there is no bar to successive *Rule 3.800 (a)* proceedings because the rule exists for the purpose of addressing illegal sentences. See *Davis v. State*, 661 So.2d 1193, 1196 (Fla. 1995); *Hayes v. State*, 598 So.2d 135 (Fla. 5th DCA 1992)

1




This is so because courts are duty bound to correct an illegal sentence whenever presented with a motion indicating that the sentence is truly illegal. Judge Cowart aptly described this responsibility as follows in *Brown v. State*, 664 So.2d 311, 312 (Fla. 1st DCA 1998) (*our courts have the authority to treat prisoner petitions as if the proper remedy was sought if it would be in the interest of justice to do so*).

The defendant is in prison under a sentence for the commission of a crime because the judicial system declared they did not follow and obey the law but, to the contrary, they did an illegal act. Therefore the authority to impose and sanction pursuant to those laws, upon a defendant for illegal conduct mandates duties and obligations to follow and obey those same laws, and prohibits the imposition of an illegal sentence. Nonetheless acknowledging the judicial system is not perfect, when an illegal sentence is discovered, the system should willingly remedy it. See *RALEY v. STATE* 675 So.2d 170 (Flat 5th DCA 1996). The essential purpose of all criminal justice rules, practices and procedures is to secure the just determination of every case in **accordance with the substantive law**. The criminal justice system must provide remedy to one in confinement under an illegal sentence. There is no better objective than to seek to do justice to an imprisoned person. *Hayes v. State*, 598 So.2d 135, 138 (Fla. 5th DCA 1992). The promulgation of *Rule 3.800 (a)* has enabled our courts to effectuate this responsibility.

2

2

The intent of *Rule* **3.800** is to provide relief for a narrow category of cases in which a sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law.

The test in general used to determine whether a defendant is entitled to *Rule* **3.800 (a)** relief is whether the trial court could rule on the motion without conducting an evidentiary hearing. While this test still applies, the recent decisions in *State v. Callaway*, **658 So.2d 983 (Fla. 1995)**, and *Davis v. State*, **661 So.2d 1193 (Fla. 1995)**, appear to further narrow the scope of relief available under this rule. In Callaway, our supreme court, citing Judge, explained that there are three distinct categories of sentencing errors:

(1) An erroneous sentencing error which is cognizable upon direct appeal;

(2) An unlawful sentence which is correctable only after an evidentiary hearing under 3.850; and

(3) *An illegal sentence which must be corrected as a matter of law in rule 3.800(a) proceeding.*
*Callaway*, **658 So.2d at 988.**

Furthermore, in *Davis*, the court stated that illegal sentences are those sentences which exceed the maximum sentences provided by law without regard to the sentencing guidelines. In other words, "*an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines . . .*" and "*[o]nly if a sentence exceeds the maximum allowed by law would the sentence be illegal.*"

3

## STATEMENT OF FACTS AND ARGUMENT

With consideration of plain language, legislature's intent, and well established law delineated in the above supporting memorandum, the defendandant unequivocally clarifies specifically illegal sentence and the crucial, critical, and highly significant prejudice therefrom.

### PART A
### OMITTED ESSENTIAL ELEMENT OF "SERIOUS" TO SUSTAIN CONVICTION TO 794.011(3)

It is without question that Florida legislature has divided sexual battery in to differing degrees. Each with essential elements necessary to the finding of guilt as to whichever degree the state as a representative of the people not only "MUST" establish beyond and to exclusion of reasonable doubt but there also clearly have the jury find those specific elements to be established.

The crux of this **subpart A** is the state's failure to incorporate within the jury verdict form the single element that distiquishes the greater from the lesser. This essential element is the element that quantifies the force used during the criminal act. Legislature undeniable mandated that **"serious personal injury"** is the qualifying element need to find guilty and subsequently convict pursuant to *Fla Stat* **794.011(3)**. The defendants jury verdict fails to lawfully find guilt as to *Fla Stat* **794.011(3)** due to the verdict form omitting the word **"*SERIOUS*"**. Therefore the jury was not attentively attuned to subsection **794.011(3)** but instead only subsection **794.011(5)**. Which legislation held is force "*NOT LIKELY TO CAUSE SERIOUS PERSONAL INJURY*".

4

Therefore, as well established law this court must read the verdict in the manner which clearly specifies the essential elements the jury finds that the state has adduced. Moreover as this case is strikingly identical circumstances of those in *State v. Reardon*, 763 So. 2d 418, 419 n.3 (Fla. 5th DCA 2000), wherein the verdict form gave no indication as to whether the jury determined that the taking in this case constituted robbery because of the accompanying assault on the victim, or based upon some separate use of force or violence. Because "*[w]e must read the verdict in a manner which would give the benefit of the doubt to*" the defendant, the defendants convictions for 794.011(3) must be corrected and resentenced to 794.011(5).

### PART B
### DOUBLE JEOPARDY (*SERIOUS BODILY INJURY)* UNDER Fla Stat 775.021(4)(a)

The facts of this case, in this **Subpart B** are almost indistinguishable from the factual scenario addressed in *Torna v. State*, 742 So.2d 366 (Fla. 3d DCA 1999). There, the jury similarly found the defendant guilty of burglary with an assault or a battery and of simple battery. The *Torna* court stated: This verdict form is the crux of the problem here; as it contained no indication, as to whether the jury had found that Torna had committed a 'burglary with an assault,' or a 'burglary with a battery.' Given *Torna's* additional conviction of 'battery,' the determination of 'with an assault' or 'with a battery' was necessary so as to not run afoul of the double jeopardy issue. Since the determination was not made,

5

and we cannot now guess what the jury was thinking, we must conclude that *Torna* was indeed subjected to double jeopardy by his conviction of both `burglary with an assault and/or battery' and `battery.'

Id. at 367.

***PLEASE TAKE NOTE:*** **Albeit the jury acquitted the defendant of the greater aggravated battery, finding guilt as to simple battery. Subsequently causing Judge Hill on his own accord to revisit the defendant's motion for acquittal emphatically argued by his counsel Mr Baxley, and acting as the seventh juror completely acquitted the defendant of the simple battery charge. Herein creating multiple constitutional violations to the defendant's guaranteed rights. Nonetheless, as to not cause confusion of this specific claim, the other constitutional violations are discussed in other subparts.**

Here and now, relying on the Doctrine of Stare Decisis (*a requirement necessary to maintain stability in the judicial system as a whole*), at first glance (*Not taking in consideration the defendants strongest issue undeniably rising to a miscarriage of justice*), the jury found the defendant (*allegedly*) guilty as charged of sexual battery with great force, sexual battery and simple battery.

Due to the undisputed and uncontested to fact that the simple battery is the one and same criminal action used in the aggravated battery and the serious personal injury elements in count one sexual battery with great force likely to cause serious personal injury, the conviction and sentence to sexual battery with force is an illegal sentence in violation of double jeopardy. The defendant cannot properly be acquitted of the serious bodily injury and simultaneously convicted of the same serious personal injury acquitted of by any sentencing court let alone this court.

6

## CONCLUSION

*Wherefore* delineated within this motion considering the cannons of plain language, legislature's intent, and well established law the attached exhibits of the defendants record clearly demonstrates this court not only has competent jurisdiction but a duty bound obligation to correct according to law. Moreover, due to the undeniable fact that resentencing to **794.011(5)** will reduce the defendants sentence to *15 years max* and the current time the defendant *has served in now a little under 21 years*, the defendant must be *immediately released* with just compensation.

Respectfully submitted,

/s/ *Samuel Carl Sweeting*

SAMUEL CARL SWEETING
DC# U06991

7

## OATH

*Under the penalties of perjury*, I declare and certify that I do understand English and that I have read the foregoing document and that the facts stated in it are true and correct. On this 6ᵗʰ day of July, 2022.

/s/ *Samuel Carl Sweeting*
SAMUEL CARL SWEETING
DC# U06991

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing document has been furnished to the Office of the *State Attorney* at: 19 N. W. Pine Avenue Ocala, Florida 34475; and *The Fifth Judicial Circuit Court ℅ Clerk of Court* at 550 West Main St., Travares Fl. 32778; by handing said document to a prison official, for mailing by pre-paid first class U.S. mail on this 6ᵗʰ day of July, 2022

/s/ *Samuel Carl Sweeting*
SAMUEL CARL SWEETING
DC# U06991
Southbay Corr FAC.
600 US HWY 27 S
Southbay Fla 33493

8

<u>**Table Of Exhibits**</u>

**Exhibit A .... The Defendants Jury Verdict:**
                **Clearly lacking the essential element for 794.011(3) of**
                **"SERIOUS"**

**Exhibit B .... Trial Transcripts As To Acquittal of Serious Injury Element**
                                        **Pgs 301 - 309**

**Exhibit C .... The Defendants Charging Information**

**Exhibit D .... Trial Transcripts of Mr. Baxley Emphatically Arguing**
                **Sufficiency Of The Evidence**

                                        **Pgs 219 - 229;**

9

**Exhibit A**
**The Defendants Jury Verdict:**
**Clearly lacking the essential element for 794.011(3) of "SERIOUS"**

**2.02  STATEMENT OF CHARGE**

SAMUEL SWEETING, THE DEFENDANT IN THIS CASE, HAS BEEN ACCUSED

OF THE CRIME(S) OF THREE COUNTS OF SEXUAL BATTERY WITH FORCE LIKELY

TO CAUSE INJURY, BURGLARY OF A DWELLING WITH BATTERY, AGGRAVATED

BATTERY WITH A DEADLY WEAPON AND FALSE IMPRISONMENT.

ITS ...to cause SERIOUS PERSONAL injury...

\*\*\* Should Read "...Likely to cause "SERIOUS" personal
Injury For Counts One, two & three !!!

Being That This Is What The Jury Reads And Interpreted The
Petitioner Being Charged With, The Vital Question Is Whether
The Jury's  Reading Of This Charge As To Count One -Three Is
 Essentially Finding Guilt As To Legislatures Intent Of "Force
Not Likely To Cause Serious Personal Injury Pursuant To 794.
011(5)

FUNDAMENTALLY Equivalent To:

_____  794.011(3)
         Force Likely To Cause Serious Personal
         Injury
_____  794.011(5)
         Force "NOT" Likely To Cause Serious
         Personal Injury

## SEXUAL BATTERY - VICTIM TWELVE YEARS
## OF AGE OR OLDER - FORCE LIKELY TO CAUSE SERIOUS PERSONAL INJURY -
### F.S. 794.011(3)

BEFORE YOU CAN FIND THE DEFENDANT GUILTY OF COUNTS ONE, TWO AND THREE OF SEXUAL BATTERY UPON A PERSON TWELVE YEARS OF AGE OR OLDER WITH THE USE OF A DEADLY WEAPON OR PHYSICAL FORCE, THE STATE MUST PROVE THE FOLLOWING FOUR ELEMENTS BEYOND A REASONABLE DOUBT:

1.     █████████ WAS TWELVE YEARS OF AGE OR OLDER.

2.     SAMUEL SWEETING COMMITTED AN ACT UPON/WITH █████ ████ IN WHICH THE SEXUAL ORGAN OF SAMUEL SWEETING PENETRATED OR HAD UNION WITH THE ANUS, VAGINA, OR MOUTH OF █████████

3.     SAMUEL SWEETING IN THE PROCESS USED OR THREATENED TO USE A DEADLY WEAPON OR USED ACTUAL PHYSICAL FORCE LIKELY TO CAUSE SERIOUS PERSONAL INJURY.

4.     THE ACT WAS DONE WITHOUT THE CONSENT OF █████████

"CONSENT" MEANS INTELLIGENT, KNOWING AND VOLUNTARY CONSENT AND DOES NOT INCLUDE COERCED SUBMISSION.

12

"UNION" MEANS CONTACT.

A WEAPON IS A "DEADLY WEAPON" IF IT IS USED OR THREATENED TO BE USED IN A WAY LIKELY TO PRODUCE DEATH OR GREAT BODILY HARM.

"SERIOUS PERSONAL INJURY" MEANS GREAT BODILY HARM OR PAIN, PERMANENT DISABILITY, OR PERMANENT DISFIGUREMENT.

HOWEVER, ANY ACT DONE FOR BONA FIDE MEDICAL PURPOSES IS NOT A SEXUAL BATTERY.

IN THE FIFTH COURT OF THE FIFTH JUDICIAL CIRCUIT OF THE STATE
OF FLORIDA, IN AND FOR LAKE COUNTY

THE STATE OF FLORIDA                CASE NO. 01-1239-CF-02

                                    01 - 1239- CF- 62
VS

SAMUEL SWEETING

## VERDICT

### COUNT ONE

WE THE JURY, FIND AS FOLLOWS AS TO THE DEFENDANT IN THIS CASE:
(CHECK ONE ONLY)

__X__ 1.    THE DEFENDANT IS GUILTY OF SEXUAL BATTERY WITH FORCE LIKELY

TO CAUSE PERSONAL INJURY AS CHARGED IN THE INFORMATION.

____ 2.    THE DEFENDANT IS GUILTY OF SEXUAL BATTERY WITH THREATENED

FORCE OF PERSONAL INJURY, A LESSER INCLUDED OFFENSE.

____ 3.    THE DEFENDANT IS GUILTY OF SEXUAL BATTERY, A LESSER

INCLUDED OFFENSE.

____ 4.    THE DEFENDANT IS NOT GUILTY.

SO SAY WE ALL

DATED THIS 20 DAY OF FEBRUARY, 2002.

_Linda Maxwell_

FOREPERSON

**Exhibit B**
**Trial Transcripts As To Acquittal of Serious Injury Element**
**Pgs 301 - 309**

15

Edit with WPS Office

301

1        MR. BAXLEY:  Okay.

2        THE COURT:  And you can go to lunch

3   -- feel safe to go to lunch at 11:30.

4        MR. RADA:  What time would you like

5   us back by?

6        THE COURT:  Oh, one o'clock.

7        MR. RADA:  One o'clock?  Okay.

8   (WHEREUPON, court was in recess at 10:55:a.m.)

9   (WHEREUPON, AT APPROXIMATELY 1:46 P.M., MR. RADA,

10  MR. BAXLEY AND THE DEFENDANT WERE PRESENT AND THE

11  PROCEEDINGS CONTINUED AS FOLLOWS:)

12       THE COURT:  Okay.  The defendant is

13  present and being seated.

14       Two things came up.  One, we have

15  a verdict.  But just prior to the verdict,

16  a knock on the door, there was a question.

17  By the time that Win could get to me to say

18  there was a question and me get back with him,

19  there was another knock on the door and they

20  said they had a verdict.

21       So this is the question, I'm just going

22  to put into the record.  "Can we read █████

23  testimony?"  Second thing, Burglary -- if he

24  has clothes and key?  Linda Mancill, 2/20/02,"

25  that's all it says.

302

1         So in between the time of us trying to

2    get everybody together for a question, they

3    had reached a verdict. And what did they say,

4    for the record, to you, Mr. Bailiff?

5         THE BAILIFF:  That they had hashed

6    it out.

7         THE COURT:  Knock on the door, they

8    had hashed it out.  Forget the question.

9         But I wanted to make sure that that

10    was in the record.

11         Now, I guess we're ready to bring the

12    jury in.

13    (WHEREUPON, the jury entered the courtroom at 1:48

14    p.m.)

15         THE COURT:  Thank you, Mr. Bailiff.

16    Be seated, please.

17         Ms. Mancill, I understand that you're

18    the foreperson.

19         THE JUROR:  Yes, sir.

20         THE COURT:  And I understand the jury

21    has reached a verdict.

22         THE JUROR:  Yes, sir.

23         THE COURT:  Just so the record is clear,

24    Ms. Mancill, there was a question -- actually,

25    two questions:  I put them into the record --

303

1          THE JUROR:  Right.

2          THE COURT:  -- and then between us

3     getting that and getting to you, there was

4     a verdict reached.

5          THE JUROR:  Yes, sir.

6          THE COURT:  And it's my understanding

7     that you -- when the bailiff came back,

8     you said, "We've hashed it out."  Correct?

9          THE JUROR:  Right.  Yes, sir.

10         THE COURT:  Okay.  I just wanted to

11    make sure -- we like to make sure every-

12    thing is on the record so there's no --

13    no secrets or anything else.  We like to

14    have everything above board.

15         Alright, Mr. Bailiff, would you retrieve

16    the forms for me, please?

17         Thank you.

18         Madam Clerk, would you please publish

19    the verdicts?

20         THE CLERK:  In the District Court of

21    the Fifth Judicial Circuit of the State

22    of Florida, in and for Lake County, the

23    State of Florida versus Samuel Sweeting,

24    Case Number 01-1239-CF-02, Verdict for

25    Count One:

304

1    The defendant is guilty of Sexual

2    Battery with Force Likely to Cause Personal

3    Injury as charged in the Information. So

4    say we all. Linda Mancill, Foreperson.

5        Verdict Count Two:

6        The defendant is guilty of Sexual

7    Battery, a lesser included offense. So

8    say we all. Linda Mancill, Foreperson.

9        Verdict Count Three:

10        The defendant is not guilty. So say

11    we all. Linda Mancill, Foreperson.

12        Verdict Count Four:

13        The defendant is not guilty. So say

14    we all. Linda Mancill, Foreperson.

15        Verdict Count Five:

16        The defendant is guilty of Battery,

17    a lesser included offense. So say we all.

18    Linda Mancill, Foreperson.

19        Verdict Count Six:

20        The defendant is not guilty. So say

21    we all. Linda Mancill, Foreperson.

22        THE COURT: Thank you, Madam Clerk.

23        Does either side wish that the jury

24    be polled?

25        MR. RADA: No, your Honor.

19

305

1          MR. BAXLEY:  Yes, your Honor.

2          THE COURT:  Madam Clerk, would you

3    please poll the jury?

4          THE CLERK:  Mark Snyder is this your

5    true verdict?

6          THE COURT:  That's not Mr. Snyder.

7    We excused Mr. Snyder.  He's the alternate.

8          THE CLERK:  I'm sorry.  I apologize.

9          George State, is this your true verdict?

10         THE JUROR:  Yes, ma'am.

11         THE CLERK:  George Rosselli, are these

12   your verdict as I read?

13         THE JUROR:  Yes, ma'am.

14         THE CLERK:  Thomas Denman, are these your

15   verdicts as I read?

16         THE JUROR:  Yes, ma'am.

17         THE CLERK:  Linda Mancill, are these your

18   verdicts as I read?

19         THE JUROR:  Yes, ma'am.

20         THE CLERK:  John Ballew, are these your

21   verdicts as I read?

22         THE JUROR:  Yes, ma'am.

23         THE CLERK:  Justin Lamanna, are these

24   your verdicts as I read?

25         THE JUROR:  Yes, ma'am.

306

1     THE COURT: Thank you, Madam Clerk.

2     Have a seat, please.

3     Any other need for this jury?

4     MR. RADA: No, your Honor.

5     MR. BAXLEY: No, your Honor.

6     THE COURT: Folks, I appreciate your

7     service. I appreciate the way you paid

8     attention. I know you took your job ser-

9     iously. If you need any excuses -- believe

10    it or not, there are people that need written

11    excuses to say they were here. If you need

12    some, you can retrieve an excuse at the jury

13    selection room. If not, you will turn your

14    badges in to the bailiff and you'll be going

15    through courtroom five out. You are free to

16    talk to anybody you want about this case.

17    You're also free not to talk to anybody.

18    It's up to you. And your service is now

19    complete.

20        Mr. Bailiff, would you follow them

21    out, please?

22    (WHEREUPON, the jury exited the courtroom at 1:52

23    p.m.)

24        THE COURT: Okay. Case of the State

25    of Florida versus Samuel Carl Sweeting, Case

21

307

1    Number 01-1239. Mr. Sweeting, the jury has
2    found you guilty as charged in Count One
3    of the Information, and I adjudicate you
4    to be guilty of that offense as charged.
5        The jury has found you guilty of the
6    lesser included offense of Sexual Battery
7    in count two of the Information, and I
8    adjudicate you to be guilty of that offense.
9        As to Counts Three, Four, and Six, the
10    jury has found you not guilty, and I ad-
11    judicate you to be not guilty and you may
12    go hence with out day. As to count five
13    of the Information, the jury has found
14    you guilty of Misdemeanor Battery.
15        And taking into consideration the
16    earlier Motion for Judgment of Acquittal
17    that was made by Mr. Baxley on your behalf,
18    I now adjudicate you to be not guilty of
19    count five of the offense, granting that
20    I assume Mr. Baxley would renew his motion.
21        MR. BAXLEY:  We do at this time, your
22    Honor.
23        THE COURT:  And I find him not guilty
24    of count five.
25        I direct you to be fingerprinted in

22

308

1   open court.

2       MR. BAXLEY:  Your Honor, so it's my

3   understanding that he's been found guilty

4   of count one and count two, Sexual Battery,

5   a lesser included offense and that's it?

6       THE COURT:  That's it.

7       MR. BAXLEY:  And, your Honor, can

8   we address the issue of tomorrow's trial?

9       THE COURT:  Well, let's get him

10  printed first.  One step at a time.

11  While we're doing that, the attorneys

12  approach the bench, we'll go off the record.

13  (WHEREUPON, court was in recess at 2:00 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25

309

1

## C E R T I F I C A T E

STATE OF FLORIDA )

COUNTY OF LAKE   )

I, TINA M. GALLANT-WILLIAMS, Certified Verbatim Reporter and Notary Public, State of Florida at Large, do hereby certify that I was authorized to and did report in shorthand the above and foregoing proceedings and that thereafter my shorthand notes were transcribed and reduced to typewriting by me, and that they contain a full, true and correct transcription of my shorthand notes taken therein.

Done and signed this 3rd day of June, 2002, in the County of Lake, State of Florida.

_Tina M. Gallant-Williams_

TINA M. GALLANT-WILLIAMS, C.V.R.

Tina M. Gallant
MY COMMISSION # CC783444 EXPIRES
November 13, 2002
BONDED THRU TROY FAIN INSURANCE, INC.

24

**Exhibit C**
**The Defendants Charging Information**

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT OF ...E STATE OF FLORIDA,
IN AND FOR LAKE COUNTY IN THE YEAR OF OUR LORD, TWO THOUSAND-TWO.

THE STATE OF FLORIDA                    CASE NO. 01-1239-CF-A-02

       vs      AMENDED              INFORMATION FOR:

SAMUEL CARL SWEETING

                                    I SEXUAL BATTERY-FORCE LIKELY TO CAUSE
                                    INJURY (FL)II SEXUAL BATTERY-FORCE LIKELY TO
                                    CAUSE INJURY (FL)III SEXUAL BATTERY-FORCE
                                    LIKELY TO CAUSE INJURY (FL)IV BURGLARY OF A
                                    DWELLING WITH BATTERY (F1L)V AGGRAVATED
                                    BATTERY W/A DEADLY WEAPON (F2)VI FALSE
                                    IMPRISONMENT (F3)

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

     BRAD KING, State Attorney of the Fifth Judicial Circuit of the State of Florida, in and
for Lake County prosecuting for the State of Florida, by and through the undersigned
Assistant State Attorney, in the said County, under oath, information makes that SAMUEL
CARL SWEETING (R/G: B/M, DOB: 07/18/1980, SSN:_____ in the County of Lake and
State of Florida, on or about the 8th day of June in the year of Our Lord, two thousand-
one:

COUNT I

did unlawfully commit sexual battery upon _____ a person twelve years of age or
older, without said person's consent by uniting with and/or penetrating the victim's vagina
and/or anus, in the process thereof, used actual physical force likely to cause serious
personal injury, in violation of Florida Statute 794.011(3);

COUNT II

and the Assistant State Attorney upon his oath aforesaid, further information makes that
SAMUEL CARL SWEETING(R/G: B/M, DOB: 07/18/1980, SSN:_____ in the County of Lake,
and the State of Florida, on or about the 8th day of June, 2001, in the County and State
aforesaid did unlawfully commit sexual battery upon _____ a person twelve years
of age or older, without said person's consent by uniting with and/or penetrating the
victim's vagina and/or anus and, in the process thereof, used actual physical force likely
to cause serious personal injury, in violation of Florida Statute 794.011(3);

COUNT III

and the Assistant State Attorney upon his oath aforesaid, further information makes that
SAMUEL CARL SWEETING(R/G: B/M, DOB: 07/18/1980, SSN:_____ in the County of Lake,
and the State of Florida, on or about the 8th day of June, 2001, in the County and State
aforesaid did unlawfully commit sexual battery upon _____ a person twelve years
of age or older, without said person's consent by uniting with and/or penetrating the
victim's vagina and/or anus and, in the process thereof, used actual physical force likely
to cause serious personal injury, in violation of Florida Statute 794.011(3);

COUNT IV

and the Assistant State Attorney upon his oath aforesaid, further information makes that
SAMUEL CARL SWEETING(R/G: B/M, DOB: 07/18/1980, SSN:_____ in the County of Lake,
and the State of Florida, on or about the 8th day of June, 2001, in the County and State
aforesaid did unlawfully enter or remain in a certain dwelling or curtilage thereof, located
at _____ in the County and State aforesaid, the property of
_____ as owner or custodian thereof, without said person's consent, with the
intent to commit the offense of the battery and/or aggravated battery and/or sexual
battery of the victim therein, and, in the course thereof, did commit a battery upon
_____ by actually and intentionally touching or striking _____ against her

Aggravated Battery Is
...Intentionally Causing
Great Bodily Harm...

Albeit The Petitioner Being Acquitted The
Charging Info Only Charged Simple
Battery Pursuant to Figueroa v. State 84
So. 3d 1158 (Fla. Dist. Ct. App. 2012)
information is fundamentally defective
where it fails to cite a specific section
and totally omits an essential element of
the crime.

PAGE 2
STATE OF FLORIDA
VS
SAMUEL CARL SWEETING
01-1239-CF-A-02

will, or by intentionally causing bodily harm to ████████ in violation of Florida
Statute 810.02(1), 810.02(2)(a) and 784.03;

COUNT ██

and the Assistant State Attorney upon his oath aforesaid, further information makes that
SAMUEL CARL SWEETING(R/G: B/M, DOB: 07/18/1980, SSN: ████████, in the County of Lake,
and the State of Florida, on or about the 8th day of June, 2001, in the County and State
aforesaid did unlawfully, actually and intentionally touch or strike ████████ against
her will or intentionally cause bodily harm to said person, and in the commission of said
battery SAMUEL CARL SWEETING did use a deadly weapon, to-wit: a paddle and/or a
wooden object, in violation of Florida Statute 784.045(1)(a)2;

COUNT VI

and the Assistant State Attorney upon his oath aforesaid, further information makes that
SAMUEL CARL SWEETING(R/G: B/M, DOB: 07/18/1980, SSN: ████████, in the County of Lake,
and the State of Florida, on or about the 8th day of June, 2001, in the County and State
aforesaid did unlawfully, by force or threat, confine, abduct, imprison, or restrain ████████
████████ against her will without lawful authority and for the purpose of committing battery
and/or aggravated battery and/or sexual battery upon the victim, in violation of Florida
Statute 787.02(1)(a);

contrary to the form of the statute in such cases made and provided and against the peace
and dignity of the State of Florida.

STATE OF FLORIDA, COUNTY OF LAKE

Personally appeared before me, BRAD KING, State Attorney for the Fifth Judicial
Circuit, State of Florida, in and for Lake County, State of Florida, or his duly designated
Assistant State Attorney, who first being sworn, says that the allegations as set forth in
the foregoing information are based upon facts that have been sworn to as true, and which
if true, would constitute the offense therein charged. Prosecution instituted in good faith
and subscribed under oath, certifying he has received testimony under oath from the
material witness or witnesses of the offense.

Gary Rada, Assistant to BRAD KING
State Attorney, Fifth Judicial Circuit of Florida
Florida Bar No. 009393

Sworn to and subscribed before me this 1 day of February, 2002.

Robin Eldridge
Affiant Personally Known to Notary Public

Robin Eldridge
MY COMMISSION # DD09865 EXPIRES
July 5, 2005
BONDED THRU TROY FAIN INSURANCE INC.

Presented and filed in the CIRCUIT Court this 5th day of February, 2002.

JAMES C WATKINS
CLERK OF CIRCUIT COURT

BY: J. Ledford                D.C.

27

**Exhibit D**
**Trial Transcripts of Mr. Baxley Emphatically Arguing**
**Sufficiency Of The Evidence**
**Pgs 219 - 229;**

> Issue being raised in the preceding Judge
> Hill Barred The Petitioner In Was Newly
> Discovered Evidence Of This Unknown
> Individual and Seeking Of DNA From Him

219

1      Q.    She didn't say anything else about this other

2   individual?

3      A.    No, sir.

4            MR. BAXLEY:  Nothing further, your Honor.

5            THE COURT:  Anything else?

6            MR. RADA:  No other questions, your Honor.

7            THE COURT:  Thank you, sir.  Step down.

8            MR. RADA:  The State rests, your Honor.

9            THE COURT:  Mr. Bailiff, would you please

10   take the jury out.

11          (WHEREUPON, the jury exited the courtroom at 9:04

12   a.m.)

13          THE COURT:  Take the defendant out,

14   please.

15          MR. BAXLEY:  Did you want me to go ahead

16   and do my JOA --

17          THE COURT:  Yeah, you can go ahead and do

18   that now.

19          MR. BAXLEY:  Your Honor, at this time, we

20   have Mr. Samuel Sweeting, we would move for a

21   Judgment

220

1    Your Honor, we would move for a Judgment of

2    Acquittal on all three of these counts.

3         First, there has been no sign of any

4    physical trauma caused to ████████ that

5    would indicate that a sexual battery has

6    occurred upon her.

7         Second, the inconsistencies in her

8    testimony stating that she was handcuffed

9    for two minutes, and stating also that she

10   was handcuffed for three hours, show the

11   credibility of the witness and that these

12   sexual batteries never actually occurred.

13        So based on those reasons, we would

14   ask for a Judgment of Acquittal on Counts

15   One, Two and Three.

16        And furthermore, on the tests, the

17   evidence shows that they did have sex, it

18   did not show that they had sex on more than

19   one occasion.

20        So, we would ask for a Judgment of

21   Acquittal based on those grounds on the

22   first three counts.

23        As to Count Four, Burglary of a

24   Dwelling With a Battery, your Honor, the

25   testimony that came from the stand from

222

1     a Judgment of Acquittal on the Burglary With

2     a Battery.

3          The Aggravated Battery With a Deadly

4     Weapon, I have some case law on that, Judge,

5     and I will give this to the State as well as

6     to the Court.

7          May I approach the bench, your Honor?

8          THE COURT:  (Indicating affirmatively.)

9          MR. BAXLEY:  Your Honor, in this case,

10    the Aggravated Battery With a Deadly Weapon,

11    is this paddle that the State has introduced

12    into evidence.

13         The testimony directly from the █████

14    ████ and the only testimony about how that

15    paddle was used, was that it was used to spank

16    her on the butt.

17         I believe the case law states that you

18    have to use, for Aggravated Battery With a

19    Deadly Weapon, it has to be a weapon that is

20    used in the normal course -- is likely to

21    cause permanent disfigurement, pain, permanent

22    disfigurement or death.  And, I don't believe

23    a paddle, spanking on the butt, is an Aggravated

24    Battery With a Deadly Weapon.

25         In the case of Harvick vs. State of Florida,

31

223

1   which is the Fifth District Court of Appeals,
2   in that case it says an aggravated battery be-
3   comes an issue whether the individual sustained
4   great bodily harm, permanent disability, per-
5   manent disfigurement, is a question of fact, the
6   resolution of which should not be determined until
7   "if supported by specific competent evidence."

8       In that case, the individual's finger was
9   broken in four places, which required repeated
10  surgery including insertion of a metal pin, was
11  an apparent disability or disfigurement, partic-
12  ularly where the victim testified she no longer
13  had full use of her hand.

14      In the case at bar, your Honor, ████████
15  as well as Miss Crawford testified that when
16  ████████ went to the hospital, she only re-
17  ceived bruises and slight contusions, which
18  were treated on its own, with ointments and
19  other things, and that being the case, there
20  is no permanent disfigurement or scars.

21      I believe in Coronado vs. State, this
22  was a case where an individual was convicted
23  of Aggravated Battery, in that case, and, I
24  believe I have it highlighted, great bodily
25  harm defines itself and means distinguished

32

224

1    from slight, trivial, minor or moderate harm,

2    and as such does not include mere bruises or

3    are likely to be inflicted in a Simple Assault

4    and Battery, where the evidence describing

5    such harm or injuries within the meaning of

6    the statute is generally question of fact

7    for a jury.

8        Your Honor, we say there is no question

9    that there is no sustained great injury to

10   ▮▮▮▮▮▮▮▮▮▮   I believe the State in SAC, a

11   child vs. The State of Florida, it's a Second

12   District Court of Appeals case, states that

13   a fork did not qualify as a deadly weapon as

14   used in the Aggravated Battery Statute.

15       In that case the individual was struck

16   in the back with a fork.

17       Your Honor, in this case my client is

18   alleged to have paddled ▮▮▮▮▮▮▮ bottom.

19   A fork in the back not being a deadly weapon,

20   we don't see how in the world a paddle on the

21   butt could be classified as a deadly weapon.

22       We also have Denard vs. State, in that

23   case it basically states that a boot is not

24   a deadly weapon. I'm just bringing these

25   cases to the Court's attention to show what

33

225

1    cannot be used as a deadly weapon.

2       I have the case of Taylor vs. State,

3    the last case which I have cited, a deadly

4    weapon as used in the Aggravated Battery

5    Statute is generally any instrument which

6    when used it is used in an ordinary manner

7    contemplated by its design and construction

8    will or is likely to cause death or great

9    bodily harm, or any instrument likely to

10    cause great bodily harm because of the way

11    it is being used during the crime.

12       Your Honor, I believe the case law

13    is pretty clear that ███████ 

14    did not receive any great bodily harm, just

15    more bruising, and the instrument used in

16    the way it was, looking in the light most

17    favorable to the State, was paddling her

18    bottom. We do not believe that is an

19    Aggravated Battery With a Deadly Weapon,

20    and we believe that count should not go

21    back to the jury, we should get a Judgment

22    of Acquittal on that count.

23       Now, as far as the False Imprisonment

24    charge, I also have some further case law,

25    your Honor.

226

1          May I approach, your Honor?

2          THE COURT: Uh-huh. (Indicating

3    affirmatively.)

4          MR. BAXLEY: I would like to turn the

5    Court's attention to Keller vs. State, your

6    Honor, this basically states the defendant

7    cannot be convicted of False Imprisonment

8    from movement or confinement that was in-

9    cidental to the sexual battery, because

10    they are consumed in the sexual battery.

11    False Imprisonment is the unlawful touching

12    of another person, keeping them restrained

13    beyond their free will. In this case law,

14    which was the Fifth District Court of Appeals

15    case, defendant cannot be convicted of False

16    Imprisonment from movement or confinement that

17    was incidental to the Sexual Battery.

18          I believe the testimony here is that

19    Mr. Sweeting handcuffed her, and that was

20    part of the Sexual Battery.

21          And it also says, on page 4 of that

22    case, "such movement and confinement of the

23    victim was incidental to the battery, and

24    Keller was entitled to a Judgment of Acquittal

25    as to the charge of False Imprisonment."

227

1          I believe in that case, they moved for

2    a Judgment of Acquittal, which the Court

3    denied it and the Court of Appeals said it

4    was reversible error that the Judgment of

5    Acquittal was not granted.

6          I also have for the Court's attention

7    and for you to look at, Shelby vs. State of

8    Florida, it says also basically that a defend-

9    ant cannot be guilty of False Imprisonment if

10    the only restraint was to commit or facilitate

11    the commission of the felony.

12          In this case, it was the alleged Sexual

13    Battery.

14          So, based on those citings and those

15    case laws, your Honor, we would ask that Mr.

16    Sweeting be granted a Judgment of Acquittal

17    on the False Imprisonment, which is Count

18    Six.

19          Thank you.

20          THE COURT:  Mr. Baxley, are you, con-

21    cerning Count Five, are you denying that

22    there is evidence that a battery took place?

23          MR. BAXLEY:  We're not denying there is

24    evidence that a battery took place, your Honor,

25    but it is not a deadly weapon, it is Aggravated

36

## That Which Is Already Charge Doesn't Need To Be Reduced

228

1    Battery with a Deadly Weapon.

2    THE COURT: You're argument is that Count

3    Five should be reduced to Battery?

4    MR. BAXLEY: Yes, your Honor, if anything.

5    THE COURT: Okay. Before you respond, the

6    Motion is respectfully denied as to Count One,

7    Two, Three, Four, and Six.

8    Concerning Six, the incident at the motor-

9    vehicle, was clearly separate and apart from

10   any sexual battery. And in a light most favor-

11   able to the State, the Motion is respectfully

12   denied in that respect.

13   Just talking as to Count Five.

14   MR. RADA: Yes, sir.

15   It is the State's position that the

16   wooden paddle, it's a sturdy wooden paddle,

17   it's a deadly weapon, its a blunt object,

18   and the purpose for which it is designed is

19   to strike another individual with it, whether

20   that is on the buttocks or the head, it is up

21   to the individual who is using it to strike

22   with.

23   Luckily the victim did not suffer any

24   permanent injury, should could have, however,

25   she only suffered bruising, which however,

37

## Another Example Of Due Process Violation To Present An Argument To Correct The States Deliberate Misrepresentation

229

1    the defendant very well could have easily
2    broken her bones with it and/or possibly
3    killed her by using this paddle in the
4    manner for which it was designed, your
5    Honor.

6        MR. BAXLEY:  Your Honor, could I have
7    rebuttal?

8        THE COURT:  No.

9        The Motion is respectfully denied.

10       Your next witness?

11       MR. BAXLEY:  At this time, your Honor,
12   the Defense rests.

13       THE COURT:  Renew all your Motions,
14   make the same arguments?

15       MR. BAXLEY:  Yes, your Honor.

16       THE COURT:  Same rulings.

17       Any of the rulings and objections are
18   reserved for appellate purposes, should it
19   arise.

20       Now, have you fully discussed your
21   decision not to put your client on the
22   stand?

23       MR. BAXLEY:  Yes, your Honor, I have.

24       Mr. Sweeting, is that correct?

25       THE COURT:  Mr. Sweeting, is that

38

230

1    correct?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And you're voluntarily de-

4    ciding on your own free will, not to take

5    the witness stand?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  You know you have a right

8    to take the witness stand?

9            THE DEFENDANT:  Yes, I know I have a

10   right.

11           THE COURT:  But you are choosing not

12   to after talking over this decision with

13   your lawyer?

14           THE DEFENDANT:  Yes.

15           THE COURT:  And before we go any further,

16   are there any other witnesses that you want

17   to call that haven't been called?

18           THE DEFENDANT:  No.

19           THE COURT:  Okay.  And as far as you know,

20   are there any defenses which you believe should

21   have been advanced by your attorney which were

22   not advanced by your attorney?

23           THE DEFENDANT:  No, sir.

24           THE COURT:  Did he say, "no."?

25           MR. BAXLEY:  Yes, sir, he did.

39

# March 13, 2002
## Renewal of Judgement of Acquittal & Motion For New Trial

1

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN
AND FOR LAKE COUNTY, FLORIDA

CASE NO: 01-1259-CF-02

STATE OF FLORIDA,

      Plaintiff,

vs.

SAMUEL SWEETING,

      Defendant.

**ORIGINAL**

    THIS CAUSE came on for MOTION FOR A NEW TRIAL before the Honorable Mark J. Hill, Circuit Judge, Fifth Judicial Circuit, on the 13th day of March, 2002, at 550 West Main Street, Tavares, Florida, at which time the following proceedings were had:

A P P E A R A N C E S:

CARY RADA, Assistant State Attorney, 550 West Main Street, Tavares, Florida 32778, on Behalf of the State of Florida.

JAMES BAXLEY, Assistant Public Defender, 550 West Main Street, Tavares, Florida 32778, on Behalf of the Defendant.

KERR & ASSOCIATES
(352) 742-3144

40

# Continuous Ignorance To The Essential Element Definning Differing Degrees

P R O C E E D I N G S

MR. BAXLEY: Your Honor, coming before the Court to my right is Samuel Sweeting, Case No. 01-1239-CFA-02.

Your Honor, as you're aware, we had a trial on this case back on February 20, 2002, of this year. Mr. Sweeting was charged with a six-count information.

Count I, being sexual battery with force likely to cause injury.

Count II, sexual battery with force likely to cause injury.

Count III, sexual battery with force likely to cause injury.

Count IV, burglary of a dwelling with battery.

Count V, aggravated battery with a deadly weapon.

Count VI, false imprisonment.

Your Honor, I filed a motion for a new trial on Mr. Sweeting's behalf based on the fact that the verdict that was rendered by the jury was contrary to the evidence that was presented at trial.

Your Honor, as you know, the allegations

41

3

1    made by: ████████████████ in this case was

2    stating that Mr. Sweeting sexually battered her,

3    using force likely to cause injury or great

4    bodily harm.

5        Your Honor, there was no evidence presented

6    at trial stating that there was any force that

7    was exerted upon her that would cause great

8    bodily harm.

9        As was contrary, the aggravated battery with

10    a deadly weapon was -- I believe the judgement of

11    acquittal was granted on that motion.  So there

12    was no force likely to cause injury or great

13    bodily harm that was used even if the jury would

14    determine that Mr. Sweeting did sexually batter

15    ████████████████

16        Also, Mr. Sweeting has been charged with

17    three counts of sexual battery with force likely

18    to cause injury or great bodily harm.

19        The jury, as of my recollection, found him

20    guilty on Count I, as charged.

21        In Count II, they found him guilty of just

22    sexual battery.

23        In Count III, they found a judgment of not

24    guilty as to that count.

25        Your Honor, there is no -- that's completely

42

4

1  contrary to the evidence that was presented.

2  ████████████ on the stand, stated that

3  Mr. Sweeting raped her on three separate

4  occasions and used force or threats to cause

5  injury on each separate occasion and the jury's

6  verdict does not conform with the evidence that

7  was presented at trial. It's completely

8  inconsistent with the evidence that was presented

9  at trial.

10      So, according to Rogers v. State, 660

11  Southern 2nd, 237, Baker v. State and

12  Donaldson v. State, we would ask that

13  Mr. Sweeting be granted a motion for a new trial

14  based on the inconsistent verdict that was

15  reached by the jury which was not in accordance

16  with the evidence that was presented.

17      Furthermore, we believe that the Court

18  errored in denying Mr. Samuel Sweeting's motion

19  for judgment and acquittal at the end of the

20  state's case and every other time in which it was

21  appropriately raised based on the fact, too, that

22  sexual battery with force likely to cause

23  injury -- there is no -- we don't believe the

24  evidence presented would sustain the charge as it

25  was filed in the information and at this time we

43

5

1    respectfully request that Mr. Sweeting be granted

2    a new trial on these matters.

3        THE COURT:  Well, I believe to the contrary.

4    I think the jury did exactly what they were

5    supposed to do.  They sifted through each of the

6    witnesses' testimony.  They compared the

7    testimony with each of the charges and were

8    instructed to treat the charges separately,

9    although they've been tried together, and that's

10   exactly what they did.  They chose to believe or

11   not believe the witness on some occasions of what

12   happened and not believe the witness on other

13   portions of her testimony, of which the

14   instructions say they have a right to do.

15   Particularly in light of the fact that they have

16   a right to try each of the counts separately and

17   convict each separately.

18       You did the best you could, Mr. Baxley.  The

19   motion is denied.  The sentencing is scheduled

20   for April 15th.

21       MR. BAXLEY:  Has the PSI come back, Your

22   Honor?

23       THE COURT:  No, sir.  I just checked the

24   file.

25       MR. BAXLEY:  Thank you, Your Honor.

44

1       (END OF PROCEEDINGS.)
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

45

7

## CERTIFICATE

STATE OF FLORIDA          )

COUNTY OF   LAKE          )

    I, Kelly L. Cline, Licensed Professional Reporter,
certify that I was authorized to and did stenographically
report the foregoing proceedings and that the transcript is a
true and complete record of my stenographic notes.

    DATED this 8th day of May, 2002.

*Kelly L. Cline*

Kelly L. Cline, L.S.R.

KERR & ASSOCIATES
(352) 742-3144

46

**February 28, 2002**

# Petitioners Motion For New Trial

IN THE COUNTY COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND FOR
LAKE COUNTY, FLORIDA

CASE NO.  01-1239-CF-A-02

STATE OF FLORIDA

v.

SAMUEL CARL SWEETING

Defendant.

_____/



### MOTION FOR NEW TRIAL

COMES NOW the Defendant, SAMUEL CARL SWEETING, by and through his undersigned attorney and files this Motion for New Trial pursuant to Rule 3.590, Florida Rules of Criminal Procedure, from the Judgment of this Court entered on February 20, 2002, and as grounds for this Motion would allege unto the Court as follows:

1.    That the verdict of the Court was contrary to the law. Rogers v. State, 660 So.2d 237 (Fla. 1995); Baker v. State, 639 So.2d 103 (Fla. 5th DCA 1994); Donaldson v. State, 682 So.2d 187 (Fla. 4th DCA 1996).

2.    That the verdict of the Court was contrary to the evidence.

3.    That the verdict of the Court is unsupported by facts that establish a verdict of guilt of the Defendant.

4.    That the Court erred in denying the Defendant's Motion for a Judgment of Acquittal at the conclusion of the State's case.

5.    That the Court erred in denying the Defendant's Motion for Judgment of Acquittal at the conclusion of all evidence.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

47

furnished to the State Attorney's Office, Lake County Judicial Center, Tavares, Florida, by
hand delivery this ___24___ day of February, 2002.

Office of Howard H. Babb, Jr.

Public Defender
Fifth Judicial Circuit

JAMES R. BAXLEY
Assistant Public Defender
Florida Bar No. 0104231
Lake County Judicial Center
550 W. Main Street, Suite 401
Tavares, Florida 32778

48

# April 22,2022
# Judicial Acts To be reviewed

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR LAKE COUNTY, FLORIDA

CASE NO.  01-D1239-CF-A-02

STATE OF FLORIDA

v.

SAMUEL SWEETING

Defendant.

## STATEMENT OF JUDICIAL ACTS TO BE REVIEWED

COMES NOW the Defendant-Appellant, by his undersigned counsel, and pursuant to Rule 9.140(d), Florida Rules of Appellate Procedure, designates as judicial acts to be reviewed the following:

1.    The evidence presented at trial was not in conformity with verdict reached by the jury.

2.    The evidence presented at trial was not sufficient to establish that there was force like to cause injury.

3.    The trial judge improperly allowed the victim to testify to the reason while the neighbor's did not help her during the alleged rape, which in fact, although improperly admitted, bolstered the credibility of the victim's testimony.

4.    The victim testified that the Defendant sexually battered her three times, and all the evidence presented in the trial as to each count was consistent, however, the jury found that he committed one sexual battery likely to cause injury, on count one;

49

Edit with WPS Office

a lesser included offense of sexual battery as to count two, and
found that the Defendant was not guilty as to count three.

5.    The jury's verdict was not in conformity with the
evidence that was presented.

I HEREBY CERTIFY that a copy of the foregoing has been
furnished to the State Attorney's Office, Lake County Judicial
Center, Tavares, Florida, by hand and/or mail delivery this 29
day of ___April___, 2002.

Office of Howard H. Babb, Jr.
Public Defender
Fifth Judicial Circuit


JAMES R. BAXLEY
Assistant Public Defender
Florida Bar No. 0104231
Lake County Judicial Center
550 W. Main Street, Suite 401
Tavares, Florida  32778

50

A SEP 0 9 2021 SS

LEGAL MAIL
PRIVILEGED MAIL

In The Fifth District Court
of Appeal

Samuel Sweeting
Petitioner                    Case No: 5D21-1779
   Vs.                        Lt #: 01-1239-Cf-02
State of Florida
Appellee

Motion To Enforce Jury Verdict and
Correct Sentence Accordingly

   Comes Now the petitioner compels this
honorable court to Enforce the jury verdict
accordingly. Attached hereto is a copy of
the petitioner's jury verdict as to Count One.
At first glance it would appear that the
jury found the petitioner guilty of the highest
degree of 794.011 presented at trial wich is
section (3). However a careful review of the
actual verbage gives insight as to the
attorney's and the state's, as the document
their failure to make serious between two
words cause and peasade the jury's verdict
are unbearable and thus undisputable the
element Legislature intended for section(2).
   Legislative's intent to divide the force
used during a sexual battery into different
degrees places the burden upon the state
prosecutor to inform the jury of Legislative's

A court cannot second guess what the jury was thinking

intent. Failure to allow the jury to be attentively attuned to such divine difference is a waiver as to the sought after 794.011(3)'s conviction. Informing the jury of 794.011(5)'s force "Not" likely to cause "serious" personal injury forfeits any objection or appeal and mandates guilt as to the only elements in which was supplied, which is not "SERIOUS" force.

~~Moreover keeping with the belief that this court cannot guess what the jury was thinking and that the reading that is evident is place at this petitioner's conviction that~~

no serious injury require this court to correct the petitioner's sentence accordingly codified in legislative's intent of 794.011(5), a second degree charge punishable up to 15 years max. Being that the petitioner has already served 20 years immediate release is required.

Respectfully Submitted
/S/ Samuel Sweeting
Samuel Sweeting #U06991

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been handed to state officials at Southbay Corr. FAC. at 600 US Hwy 27 South, Southbay., Fla 33493 on this _____9_____ day of December, 2021

/s/ *Samuel Sweeting*
**Samuel Sweeting**
**DC# U06991**

## OATH

Under penalties of perjury, I declare that I have read the foregoing motion, or had it read to me, that I understand the motion's content, and that all of the facts alleged in the motion are true and correct. Executed on this _____9_____ day of December 2021

/s/ *Samuel Sweeting*
**Samuel Sweeting**
**DC# U06991**

## CERTIFICATE OF FONT COMPLIANCE

I HEREBY CERTIFY that the size and style of type used in this brief is 12-point Arial, in compliance with Fla. R. App. P. 9.210(a)(2).

Respectfully submitted,

/s/ *Samuel Sweeting*
**Samuel Sweeting**
**DC# U06991**