UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SAMUEL C SWEETING,**

        **Petitioner,**

v.                                                           Case No.  5:23-cv-238-CEM-PRL

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

        **Respondent.**
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Samuel C. Sweeting's Petition for Writ of Habeas Corpus ("Petition," Doc. 1), filed pursuant to 28 U.S.C. § 2254. Respondent filed a Response to Petition ("Response," Doc. 15) in compliance with this Court's instructions. Petitioner filed a Reply (Doc. 19), a Supplemental Reply (Doc. 20), and an Amended Supplemental Reply (Doc. 21). For the reasons that follow, the Petition is denied as untimely.

        **I.**        **PROCEDURAL HISTORY**

Petitioner was charged with three counts of sexual battery by force, one count of burglary of a dwelling with a battery, aggravated battery with a deadly weapon, and false imprisonment. (Doc. 16-1 at 118). Following a jury trial, Petitioner was found guilty of one count of sexual battery with force and one count of sexual battery

(a lesser-included offense of sexual battery with force) (Doc. 16-1 at 106–07, 530–531). Petitioner was sentenced to thirty years' imprisonment as to Count One (sexual battery with force) and to a concurrent term of fifteen years' imprisonment as to Count Two (sexual battery).[1] (Doc. 16-1 at 431, 776). Petitioner appealed (Doc. 16-1 at 424–37), and Florida's Fifth District Court of Appeal ("Fifth DCA") affirmed his convictions and sentences on October 8, 2002. (Doc. 16-1 at 444); *Sweeting v. State*, 829 So. 2d 235 (Fla. 5th DCA 2002) (table).

On June 23, 2003,[2] Petitioner moved for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. (Doc. 16-1 at 462–73). After conducting an evidentiary hearing, the post-conviction court denied the motion on October 17, 2003. (Doc. 16-1 at 537). Petitioner appealed (Doc. 16-1 at 745–70), and on May 25, 2004, the Fifth DCA affirmed the denial, per curiam. (Doc. 16-1 at

---

[1] For his sentence, Respondent cites Exhibit A of the state record appendix. (Doc. 15 at 2). But no judgment, sentence, or sentencing transcript is found therein. (*See* Doc. 16-1 at 3–422). Nonetheless, the parties agree that Petitioner was sentenced to concurrent terms of thirty and fifteen years' imprisonment (Doc. 16-1 at 431, 776), and the Court takes judicial notice under Rule 201 of the Federal Rules of Evidence that the publicly available online case docket for Petitioner's criminal case, *State v. Sweeting*, Lake County Case No. 35-2001-CF-001239-AXXX-XX, reflects the same sentence.

[2] This is the filing date under the "mailbox rule." *See e.g.*, *Williams v. McNeil*, 557 F.3d 1287, 1290 (11th Cir. 2009) ("Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." (citing Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 275–76 (1988)); *Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

811), *Sweeting v. State*, 873 So. 2d 1235 (Fla. 5th DCA 2004). The mandate issued on June 11, 2004. (Doc. 16-1 at 813).

Thereafter Petitioner moved for post-conviction DNA testing under Florida Rule of Criminal Procedure 3.853.[3] On February 5, 2005, the post-conviction court denied the motion as moot because the DNA evidence had been destroyed. (Doc. 16-1 at 830). The Fifth DCA affirmed the denial, per curiam with citations, on October 25, 2005. (Doc. 16-1 at 839); *Sweeting v. State*, 913 So. 2d 104 (Fla. 5th DCA 2005) (citing *Sireci v. State*, 908 So. 2d 321 (Fla. 2005); *King v. State*, 808 So. 2d 1237, 1248–49 (Fla.), *cert. denied*, 536 U.S. 962 (2002)). The mandate issued on November 14, 2005. (Doc. 16-1 at 848).

Thereafter, Petitioner filed a variety of post-conviction motions and appeals,[4] all of which were denied.

---

[3] Respondent states that the motion was filed on November 12, 2004. Although Respondent indicates the motion is filed with the state record appendix as Exhibit L at pp. 1-11 (*see* Doc. 15 at 3), the motion does not appear therein. Exhibit L, as filed, contains the Response to Appellant's Brief Filed on Appeal from Summary Denial of Collateral Motion, is only two pages long, and appears to be a duplicate of Exhibit N. (*See* Doc. 16-1 at 816–17, 836–37).

[4] For reason unknown, Respondent did not file with this Court the subsequent motions or related documents or orders, and the Court notes Petitioner's frustration with the lack of a complete record. (*See, e.g.*, Docs. 9, 19–21). Nonetheless, as above, the Court takes judicial notice of the publicly available online docket for Petitioner's criminal case, *State v. Sweeting*, Lake County Case No. 35-2001-CF-001239-AXXX-XX, which shows that Petitioner next filed a motion to correct illegal sentence in November 2006, then numerous post-conviction motions and appeals in the years to come. The docket further reflects that, on February 21, 2020, Petitioner was barred from further *pro se* filings in the case.

On April 4, 2023, Petitioner filed the present federal habeas Petition. (Doc. 1). Upon review, as the Court can resolve the entire Petition on the basis of the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## II. ANALYSIS

### A. Legal Standard for Timeliness Per the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2254(d)(1). Further, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C § 2254(d)(2).

### B. The Petition is Untimely

The Fifth DCA *per curiam* affirmed Petitioner's convictions and sentences on October 8, 2002. Thus, under Section 2244(d)(1)(A), the judgment became final ninety days thereafter on Monday, January 6, 2003. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year period of limitation does not begin to run until the ninety-day period for filing a petition for certiorari with the Supreme Court of the United States has expired); Sup. Ct. Rule 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . . But if a petition for rehearing is timely filed in the lower court by any party, . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing[.]").

The limitations period began to run on Tuesday, January 7, 2003, and Petitioner had until Wednesday, January 7, 2004, absent any tolling, to file a federal habeas corpus petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (applying Fed. R. Civ. P. 6(a)(1) in computing the AEDPA's one-year limitation period to run from the day after the day of the event that triggers the

period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (citing *Ferreira v. Sec'y Dep't of Corr.*, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)) (explaining that AEDPA's one year "limitations period should be calculated according to the 'anniversary method,' under which the limitations period expires on the anniversary of the date it began to run.").

Under Section 2244(d)(2), the limitations period tolls during the pendency of "a properly filed application for State post-conviction or other collateral review." Petitioner's limitations period ran for 167 days from and including January 7, 2003, to but not including June 23, 2003, the date Petitioner filed his Rule 3.850 motion for post-conviction relief. The limitations period was tolled during the pendency of the post-conviction proceedings and appeal. Following the Fifth DCA's affirmance, mandate issued on June 11, 2004, and Petitioner's limitations period began to run again the next day.

When the mandate issued, Petitioner had 198 days remaining (*i.e.*, through Monday, December 27, 2004[5]) on his AEDPA limitations period in which to file a timely federal habeas petition. Although Petitioner filed a motion for post-conviction DNA testing, that motion did not toll Petitioner's statute of limitations. *See Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1337 (11th Cir. 2008) (Rule 3.853

---

[5] The 198th day was Sunday, December 26, 2004. The deadline was, therefore, extended through the following business day. *See* Fla. R. Crim. P. 3.040; Fla. R. App. P. 9.420(e); Fla. R. Jud. Admin. 2.514(a)(1)(C).

motions for obtaining DNA are not "properly filed application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claim," within the meaning of the AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), because "a Rule 3.853 proceeding involves an application for discovery only, pursuant to which the court lacks authority to order relief from the movant's sentence or conviction based on the DNA test results.").

Although Petitioner filed other post-conviction motions in 2006 and beyond, Petitioner filed no tolling motions before December 27, 2004. "[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." *Sibley v. Culliver*, 377 F. 3d 1196, 1204 (11th Cir. 2004). Thus, Petitioner's later motions had no effect on his statute of limitations under the AEDPA. Petitioner's imitations period accordingly ran untolled through the December 27, 2004 deadline and expired on that date. Consequently, the Petition is untimely under Section 2244(d)(1)(A).

The Supreme Court has held that "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Equitable tolling may apply 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1332 (11th Cir. 2008) (quoting *Arthur v. Allen*, 452 F.3d 1234, 1252 (11th Cir. 2006)) (citing *Helton v.*

*Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313 (11th Cir. 2001); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)). Petitioner alleges no circumstances warranting the application of equitable tolling. Instead, Petitioner asserts the existence of a miscarriage of justice.

To establish a fundamental miscarriage of justice, Petitioner must demonstrate that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995),] and *House* [*v. Bell*, 547 U.S. 518 (2006)], or . . . expiration of the statute of limitations," as it is here.

" '[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329).

Petitioner claims a miscarriage of justice has occurred based on the grounds for relief presented in the Petition, which allege: (1) incorrect wording used on the jury verdict form; (2) double jeopardy; (3) the appellate court's failure to sufficiently examine the record to find the errors now noted by Petitioner; and (4) the trial judge's failure to recuse himself during post-conviction proceedings. (Doc. 1 at 7–13).[6] However, these claims assert merely legal — not factual — innocence of the offenses for which he was convicted.

Consequently, the actual innocence gateway does not overcome the expiration of Petitioner's statute of limitations. The Petition, therefore, remains untimely and is denied.

---

[6] In his Reply, Petitioner claims that he has "a newly ripened claim" of "outrageous government misconduct" that supports his overall miscarriage of justice argument. (Doc. 19 at 3). He claims "fraudulent[] create[ion] and/or alter[ation]" of the November 9, 2001 FDLE Lab Report that was admitted as trial exhibit number 6 and error in calling as a witness FDLE analyst Vickie Lee Bellino. (Doc. 19 at 3). He also claims, among other things, that the crime scene pictures were fabricated (Doc. 19 at 13–15), that the Fifth DCA erroneously dismissed his habeas petition in violation of his due process rights (Doc. 19 at 19), and that the Fifth DCA ignored certain subparts in his appeal of the order barring Petitioner from further *pro se* filings (Doc. 19 at 19–21). However, Petitioner is not permitted to raise new issues in his Reply. *See United States v. Krasnow*, 484 F. App'x 427, 429 (11th Cir. 2012) (per curiam) (citing *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008)).

### III.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims and procedural rulings debatable or wrong. Further, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

### IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED as untimely**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a certificate of appealability and leave to proceed on appeal *in forma pauperis*; and

3. The Clerk of Court shall enter judgment in favor of Respondent and close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2024.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party